STATE of Utah, Plaintiff and Respondent,

v.

Michael Don PETERSON, Defendant and Appellant.

No. 14720.

Supreme Court of Utah.

March 9, 1977.

W. Andrew McCullough, Mulliner & McCullough, Orem, for defendant and appellant.

Vernon B. Romney, Atty. Gen., Earl F. Dorius, Asst. Atty. Gen., Salt Lake City, Noall T. Wootton, Utah County Atty., Provo, for plaintiff and respondent.

MAUGHAN, Justice:

Before us is a jury verdict convicting defendant of the crime of forcible sexual abuse, 76–5–404, U.C.A.1953, enacted 1973. An artful brief on appeal is unavailing in the face of the record, and we affirm the conviction.

On a spring evening about nine o'clock, the victim emerged from her church, where she had been attending a meeting. She observed a man standing on the lawn of the church, in the vicinity of a lamp post. She commenced walking toward her home. After following her a short distance, the man grabbed her from behind, covered her mouth, and forced her to the sidewalk. While kneeling over her, he lifted her dress, reached under her slip, and touched her genital area; separated from his hand by her undergarment. She screamed and resisted. The lights on the front porch of a nearby home were turned on. He fled in one direction, the victim in another. At the preliminary hearing, she identified defendant as her assailant.

Approximately two weeks after the incident, a police officer observed defendant in the vicinity of the church. He requested defendant's identification. Because defendant's name and description coincided with that of a person being sought for questioning, defendant was requested to accompany the policeman to the police station. Defendant acceded to the request stating he had nothing to hide. He was not placed under arrest.

Defendant was interviewed by a deputy county attorney, who advised him of his rights. This had previously been done by the police. Defendant stated he did not need an attorney; he would talk freely, and he had nothing to hide. Initially, he denied any knowledge of the event. However, when he was informed the police were in the process of preparing to conduct a line-up, he admitted committing the offense. His version of the incident was identical to the victim's. At the conclusion of the questioning, defendant was requested to make a statement that could be recorded and transcribed. This he declined to do, and said he wished to consult an attorney.

Defense counsel, upon two grounds, filed a pretrial motion to suppress. First, defendant's statements were made while he was illegally restrained, in violation of his rights under the Fourth and Fourteenth Amendments of the Constitution of the United States. Second, his statement was involuntary and coerced in violation of his rights under the Fifth and Fourteenth Amendments. Upon hearing, the court denied the motion; ruling defendant's presence at the police station was voluntary, he was fully advised of his rights, and the statements he made were admissible.

Defendant contends the court erred in sustaining an objection, of the prosecutor. The police officer, who initially stopped defendant, testified defendant was wanted for questioning concerning the instant matter, and also another matter. Defense counsel queried whether the other matter was a misdemeanor. It was to this question, the objection was asserted and sustained. Defendant urges this action of

the trial court was prejudicial to his defense, on the ground, there was, in fact, an arrest, and defendant's subsequent presence in the police station was involuntary. Defense counsel pursued this matter before the court urging he was entitled to a dismissal on the basis of a false arrest.

The court's response was it had made findings in the suppression hearing that defendant went by consent, and was not arrested. Furthermore, the court was of the opinion there was probable cause to arrest.

■ Defendant has not included, in the record on appeal, the proceedings of the suppression hearing; therefore, we can only conclude the determination of the trial court was correct.[1]

Defendant further urges the evidence at trial indicates statements by defendant were involuntary, coerced, and should not have been admitted; although no objection was asserted, at the time.

The court followed the procedure to which this court has subscribed since *State v. Crank*,[2] which is often referred to as the Wigmore or orthodox rule. That rule was held to comport with the requirements of due process of law in *Jackson v. Denno*.[3]

■ The court held a pretrial evidentiary hearing, determined defendant's confession was voluntary, thus admissible. At trial, the parties presented evidence of the circumstances involving defendant's confession. A clinical psychologist testified in behalf of defendant, and explained defendant's limited mentality made him susceptible to suggestion. The jury then determined the credibility of the witnesses, the weight of the confession as evidence,[4] and found against defendant.

It is further contended the trial court erred in denying a motion for a mistrial based on prosecutorial misconduct. Defendant testified in his own behalf; but the prosecutor did not ask him if he had ever been convicted of a felony, as is permissible under Sec. 78–24–9, U.C.A.1953, and Rule 21, U.R.E. Thereafter, defendant's wife testified. During cross-examination, the prosecutor asked her whether to her knowledge had her husband ever been convicted of a felony, involving dishonesty?

At this point, the court immediately stopped the proceedings, and excused the jury; and demanded to know the prosecutor's authority, to ask a wife if her husband had been convicted of a felony. The prosecutor cited Rule 21, U.R.E. His assertion was, because defendant had testified, he could present any evidence, including testimony, to challenge defendant's credibility.

■ The court correctly disagreed, and ruled the prosecutor could not ask the question. No admonition to the jury was requested, or given by the trial court.

At the conclusion of the trial, defense counsel moved for a mistrial based on the prejudicial effect of the question. The court offered counsel an opportunity to reopen to rectify the error. This was declined and the motion for a mistrial was denied.

The state claims, under Rules 20 and 21, U.R.E., the question of the prosecutor was permissible.

Rule 21, U.R.E., provides:

Evidence of the conviction of a witness for a crime not involving dishonesty or false statement shall be inadmissible for the purpose of impairing his credibility, except as otherwise provided by statute.

Rule 20, U.R.E., provides:

---

1. If there were the facts to support the claim of an unlawful detention, "the Miranda warning, alone and per se, cannot always make the act sufficiently a product of free will to break, for Fourth Amendment purposes, the causal connection between the illegality and the confession." *Brown v. Illinois*, 422 U.S. 590, 603, 95 S.Ct. 2254, 2261, 45 L.Ed.2d 416, 427 (1975).

2. 105 Utah 332, 353, 142 P.2d 178, 170 A.L.R. 542 (1943).

3. 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908 (1964).

4. *State v. Ashdown*, 5 Utah 2d 59, 296 P.2d 726 (1956).

Subject to Rules 21 and 22, for the purpose of impairing or supporting the credibility of a witness, any party including the party calling him may examine him and introduce extrinsic evidence concerning any statement or conduct by him and any other matter relevant upon the issues of credibility.

The state contends the wife's testimony would constitute extrinsic evidence concerning her husband's conduct, which would be relevant in regard to his credibility.

 Rule 20, U.R.E., does not purport to make incompetent evidence admissible. The best evidence of a conviction of a crime is the record of that conviction,[5] and not by recollection testimony.[6] Recollection testimony of a second witness called for the purpose of proving a conviction to discredit a witness is inadmissible. However, the risk of reaching an erroneous result is so slight that a witness may be asked on cross-examination, if he has been convicted of a felony. The rationale is that such testimony constitutes an admission against interest. By legislation, Sec. 78–24–9, U.C.A. 1953, this exception has been established. When proof of a conviction is made by another witness, it must be established by a record of the judgment, Rule 63(20), U.R.E.

The rule is succinctly set forth in *Wright v. State*.[7]

The showing of a prior conviction to discredit a witness may be shown by the oral testimony of the witness himself, or by the court record of such conviction or a properly certified copy thereof. Such prior conviction cannot be established by the oral testimony of another.

Was it an abuse of discretion for the trial court to deny defendant's motion for a mistrial?

A similar question was posed in *State v. Hodges*,[8] wherein defense counsel asserted

an improper question, although not answered, cast such aspersions upon the defendant he was entitled to a mistrial.

 This court stated the court below should view such an episode in light of the total proceeding, and if the court determines there has been such prejudice there is a reasonable probability the defendant could not have a fair and impartial determination of his guilt or innocence, he should grant a mistrial. On review we will not upset such a ruling unless an abuse of discretion is clearly apparent. We have reviewed the record to determine if there were a sufficient basis for ruling defendant had been deprived of a fair trial, and just result. We set forth the following standard in assessing the record:

. . . There should be no reversal of a conviction merely because of error or irregularity, but only if it is substantial and prejudicial in the sense that in its absence there is a reasonable likelihood that there would have been a different result.[9]

In the matter before us, the ruling of the court must be sustained; because a review of the entire record does not indicate, absent the improper question, there was a reasonable likelihood defendant would have been found not guilty.

Defendant further contends the evidence was insufficient to establish he had committed the crime. He urges he was charged with "touching the genitals" of the victim. The substance of his contention is there was a layer of clothing between his hand and the victim's genitals, he did not "touch" the area, and thus an element of the conduct proscribed by Sec. 76–5–404 was not established.

Section 76–1–106, provides:

. . . All provisions of this code and offenses defined by the laws of this

---

**5.** 3 Wharton's Criminal Evidence, 13th Ed. Torcia, Sec. 538, p. 46.

**6.** IV Wigmore On Evidence (Chadbourn Rev.) § 1270.

**7.** 38 Ala.App. 64, 79 So.2d 66, 68 (1954).

**8.** 30 Utah 2d 367, 517 P.2d 1322 (1974).

**9.** At pp. 370–371 of 30 Utah 2d, at p. 1325 of 517 P.2d.

state shall be construed according to the fair import of their terms to promote justice and to effect the objects of the law and general purposes of section 76–1–104.

A fair import of the term "touch" may be determined from the dictionary. The following are a few of the many definitions in Webster's Third New International Dictionary: "to bring a bodily part briefly into contact with so as to feel; to examine by touching or feeling with the fingers; to cause to be briefly and lightly in contact or conjunction with something; to meet without overlapping or penetrating: be or become contiguous or adjacent to: or impinge upon: adjoin; to feel something with a body part."

■ Any of the foregoing definitions applied to the facts established by the record, cause us to conclude defendant touched the victim's genital area.

Finally, defendant contends an erroneous ruling of the trial court precluded him from establishing an adequate defense. A character witness was queried by defense counsel whether she had ever had an occasion to spend any time with defendant when neither her husband nor defendant's wife was present. The prosecution asserted an objection which was sustained.

Defendant claimed at the trial and asserts again on appeal that under Rule 47(b)(i), U.R.E., he was entitled to establish a trait of his character to prove his innocence. He urged he wanted to prove a trait of his character by evidence of specific instances of his conduct as permitted under Rule 46, U.R.E. In a proffer of proof it was explained he wanted to show he had never made any sexual advances towards the witness.

The prosecution objected on the ground of relevancy, viz., the proffered evidence had no probative value. The fact defendant did not make advances to a friend, when he had an opportunity, did not have any value to prove he would not make advances to a stranger.

■ Rule 47, U.R.E., is qualified by a provision requiring the evidence be "relevant." The committee's note states:

The admission or rejection of character evidence depends primarily on the court's conception of its relevancy.

Rule 1(2), U.R.E., provides:

"Relevant evidence" means evidence having any tendency in reason to prove or disprove the existence of any material fact.

Judged by the foregoing definition, the court properly sustained the objection of the prosecutor.

ELLETT, C. J., and WILKINS, J., concur.

CROCKETT and HALL, JJ., concur in the result.