**STATE of Utah, Plaintiff and Respondent,**

v.

**John PATTERSON, Defendant and Appellant.**

**No. 20025.**

Supreme Court of Utah.

May 8, 1985.

---

H. Don Sharp, Ogden, for defendant and appellant.

David L. Wilkinson, Atty. Gen., Dave B. Thompson, Asst. Atty. Gen., Salt Lake City, for plaintiff and respondent.

STEWART, Justice:

The defendant, John Patterson, was charged with theft by deception during the period from October 3, 1983, to November 19, 1983. The case was tried to the court and the defendant was convicted of theft by deception of over $250. The defendant appeals, arguing that the evidence was insufficient to prove that he committed theft between the dates charged. We affirm.

The defendant was hired as manager of the Wilshire Theatre in Ogden, Utah, on August 27, 1982. The Wilshire is a member of Plitt Theatres, Inc. As manager, the defendant accounted weekly to Plitt for all monies received, including concession sales. Popcorn and soft drink sales were accounted for by comparing monies received with the number of popcorn and soft drink cups in inventory. For example, if a cup of popcorn sold for a dollar, the reduction of one popcorn cup from inventory was expected to appear as a dollar in concession sales. The defendant was required to take a weekly inventory of the unused popcorn and soft drink cups, which were stored in two locked rooms, called the cup room and the overflow cup room. Each week the defendant submitted to Plitt two reports, a concession sales report and an inventory control report.

On November 18, 1983, the defendant was discharged for "borrowing" cash from the petty cash fund. The cash was returned, and the defendant's use of that money is not an issue in this case. On November 19, Jeffrey Vick, an internal auditor for Plitt Theatres, did a full-scale audit of the Wilshire, including the popcorn and soft drink cups. Vick opened 120 cases of cups, counted the cups, and discovered that many seemingly unopened cases had actually been opened and 100 to 200 cups had been removed from each case. These cases had been resealed with tape similar to the original sealing tape so as to appear unopened, and had been flipped over to hide the resealed end. The concession value of the missing cups was $5,772.05.

Vick and Mr. Charles Huggard, a district manager for Plitt Theatres, confronted the defendant with the inventory discrepancy. The defendant initially denied any wrongdoing, but he finally admitted embezzling the money over a period of time.

The defendant was charged with theft by deception under U.C.A., 1953, section 76–6–405, a second degree felony, if the amount stolen exceeds $1,000. U.C.A., 1953, section 76–6–412(1)(a). The State charged that the theft occurred from October 3, 1983, to November 19, 1983. October 3, 1983, was the date of Mr. Vick's most recent audit prior to November 19, 1983. In the October 3 audit, Vick determined that the popcorn and soft drink cups were fully accounted for.

The defendant waived his right to a jury trial. At trial, the defendant sought to establish that the cups were stolen before October 3, and that they could have been stolen by someone else. Vick testified that his October 3 audit was a routine audit, in

which he opened only three or four cases of cups and hefted a few more cases to verify that they were full. Vick and Huggard both testified that for the three weeks ending October 26, November 2, and November 9, average concession sales per person were lower than expected.[1] Vick and Huggard further testified that it was possible that the cups were stolen before October 3, although Vick described that possibility as "remote." Testimony also showed that for approximately one month after the defendant was hired, unauthorized persons could have gained access to the overflow cup room by climbing over a wall, and that five other persons had a key to the two cup rooms at various times during the defendant's employ.

The trial judge convicted the defendant of third degree theft by deception, for stealing property having a value of more than $250 and less than $1,000. Section 76–6–412(1)(b). On appeal, the defendant raises a single point of error: "The State failed to prove that the alleged loss took place between October 3, 1983, and November 19, 1983." The defendant argues that the cups were all stolen before October 3 and that Vick's October 3 audit failed to discover that fact.

The evidence in this case is sufficient to establish that the defendant embezzled at least $250 from the Wilshire Theatre between October 3 and November 19, 1983. The defendant admitted to Vick and Huggard that he had embezzled funds from the Wilshire over a period of time. Vick and Huggard's testimony that the average concession sales per person were low during a three-week period after October 3 establishes that the defendant very likely embezzled some of these funds after October 3, 1983. Simple calculation shows that during any one of those weeks, the discrepancy between total concession sales reflected by the reported average and by the expected average exceeded $250.

The defendant cites *McNair v. Hayward,* Utah, 666 P.2d 321 (1983), for the proposition that "time is always an essential element of a crime in the sense that due process requires that an accused be given sufficiently precise notification of the date of the alleged crime that he can prepare his defense." *Id.* at 326. There is no real issue of notice here. The evidence is sufficient to show that the crime for which defendant was convicted was committed during the period from October 3, 1983, to November 19, 1983.

Affirmed.

HALL, C. J., and HOWE, DURHAM, and ZIMMERMAN, J., concur.

---

1. The average concession sales per person for the three weeks in question were $.88, $.93, and $.88, respectively. Vick testified that given the films that were showing, including a three hour film, the average concession sales per person should have been $1.20. Huggard testified that the average should have been about $1.15.