2006 UT App 290

**STATE of Utah, Plaintiff and Appellee,**

v.

**Eric Jason VALDEZ, Defendant and Appellant.**

**No. 20050351–CA.**

Court of Appeals of Utah.

July 13, 2006.

Robert K. Heineman and Linda M. Jones, Salt Lake Legal Defender Association, Salt Lake City, for Appellant.

Mark L. Shurtleff, Attorney General, and Marian Decker, Assistant Attorney General, Salt Lake City, for Appellee.

Before Judges BENCH, BILLINGS, and THORNE.

1. Because this and other statutes cited in this opinion have not been substantially amended since Valdez was charged and convicted, we cite to the most recent version of the statutes for convenience.

## OPINION

BENCH, Presiding Judge:

¶ 1 Defendant Eric Jason Valdez appeals his jury conviction of one count of rape, a first degree felony. *See* Utah Code Ann. § 76-5-402 (2003).[1] Valdez argues that the trial court erred in denying his motion for a new trial because the trial court precluded him from cross-examining the victim (Lucero) about a dismissed charge. We affirm.

## BACKGROUND [2]

 ¶ 2 After an evening of drinking at a friend's home, Lucero, Valdez, and two other individuals—Larry Lettig and Richard Olsen—went to Lucero's apartment. While at the apartment, they sat in Lucero's bedroom listening to music and drinking alcohol. Some of them, including Lucero, smoked methamphetamine. After about an hour, Lucero fell asleep. She later awoke to find Valdez alone with her in the room. Valdez had pulled down Lucero's overalls and panties, and was about to have intercourse with her. Lucero then fought with Valdez. She repeatedly told him, "No," and tried to keep him off her by putting her legs up and pushing him away. Valdez eventually held her down and had intercourse with her. Afterward, Valdez asked her if she was mad at him. After Valdez left the room, Lucero asked Lettig to come in the bedroom and demanded that he remove Valdez from the apartment. Valdez, along with Lettig and Olsen, then left the apartment.

¶ 3 The next morning, Lucero reported the incident to police. Nurse practitioner Donna Thompson examined Lucero. Her findings supported Lucero's allegations. When later questioned, Valdez admitted to the intercourse but contended that it was consensual.

¶ 4 During the first day of trial, defense counsel sought to cross-examine Lucero regarding (1) her previous conviction of forgery and (2) a dismissed charge of providing false information to a police officer. Defense

2. "We view the facts in the light most favorable to the jury verdict and recite them accordingly." *State v. Loose,* 2000 UT 11, ¶ 2, 994 P.2d 1237.

counsel argued that rules 608 and 609 of the Utah Rules of Evidence govern the admissibility of prior convictions and other bad acts, whether or not a conviction resulted. *See* Utah R. Evid. 608 & 609. At trial, Judge Terry L. Christiansen permitted cross-examination concerning Lucero's forgery conviction, but prohibited defense counsel from asking her about the dismissed false information charge.

¶ 5 After deliberating, the jury convicted Valdez of rape. Judge Christiansen sentenced Valdez to incarceration for five years to life, which he is currently serving. Valdez subsequently filed a motion for a new trial, arguing that he was improperly and prejudicially prevented from questioning Lucero about the dismissed false information charge. Judge Denise P. Lindberg denied Valdez's motion, stating that "the trial court did not abuse its discretion in making its evidentiary ruling pursuant to [rule] 608(b)." Valdez appeals.

## ISSUES AND STANDARDS OF REVIEW

¶ 6 Valdez argues that Judge Lindberg should have granted a new trial because Judge Christiansen erroneously precluded cross-examination of Lucero about her dismissed false information charge. "When reviewing a trial court's denial of a motion for a new trial, we will not reverse absent a clear abuse of discretion by the trial court." *State v. Pinder*, 2005 UT 15, ¶ 20, 114 P.3d 551 (quotations and citations omitted).

¶ 7 Trial courts have "broad discretion in restricting the scope of cross-examination, and on appeal the trial court's ruling [regarding the scope of cross-examination] is reviewed under an abuse of discretion standard." *State v. Gomez*, 2002 UT 120, ¶ 12, 63 P.3d 72 (alteration in original) (quotations and citation omitted). Likewise, "trial courts have wide discretion in determining relevance, probative value, and prejudice." *Id.* (alteration, quotations, and citation omitted). "In general, this court will not reverse the trial court's ruling on evidentiary issues unless it is manifest that the trial court so abused its discretion that there is a likelihood that injustice resulted." *Id.* (alteration, quotations, and citation omitted).

## ANALYSIS

### I. Rule 608(b)

¶ 8 The Sixth Amendment guarantees a criminal defendant the right to confront and cross-examine adverse witnesses. *See* U.S. Const. amend. VI. "Cross-examination is the principal means by which the believability of a witness and the truth of his testimony are tested." *Davis v. Alaska*, 415 U.S. 308, 316, 94 S.Ct. 1105, 39 L.Ed.2d 347 (1974). "[T]he right of confrontation and cross-examination is an essential and fundamental requirement for the kind of fair trial which is this country's constitutional goal." *Pointer v. Texas*, 380 U.S. 400, 405, 85 S.Ct. 1065, 13 L.Ed.2d 923 (1965).

¶ 9 However, the cross-examination of a witness is not wholly unrestrained, especially when inquiring about prior bad acts that did not result in the conviction of a crime. Rule 608(b) of the Utah Rules of Evidence provides that:

> Specific instances of the conduct of a witness, for the purpose of attacking or supporting the witness'[s] character for truthfulness, other than conviction of crime as provided in [r]ule 609, may not be proved by extrinsic evidence. They *may*, however, *in the discretion of the court*, if probative of truthfulness or untruthfulness, be inquired into on cross-examination of the witness (1) concerning the witness'[s] character for truthfulness or untruthfulness, or (2) concerning the character for truthfulness or untruthfulness of another witness as to which character the witness being cross-examined has testified.

Utah R. Evid. 608(b) (emphasis added). Under this rule, no party is *entitled* to inquire of a witness's prior bad acts. The trial court is afforded broad discretion to allow or disallow inquiry concerning the witness's prior bad acts, even if probative of the witness's truthfulness or untruthfulness. *See Gomez*, 2002 UT 120 at ¶ 12, 63 P.3d 72.

¶ 10 In this matter, the parties agree that this case turns largely on Lucero's credibility. Judge Lindberg held that "[a]lthough [Judge Christiansen] did not permit ques-

tioning on the dismissed charge of [f]alse [i]information, the defense was allowed to question [Lucero] regarding another prior conviction [ ]for [f]orgery," thus eliciting impeachment evidence of Lucero's truthfulness. Judge Lindberg concluded that "[c]learly the jury had adequate evidence before it on which it could have questioned the veracity of [Lucero's] story based on her prior conduct. Notwithstanding that evidence, the jury convicted [Valdez]." As a result, Judge Lindberg held that Valdez failed to show that Judge Christiansen abused his discretion by disallowing cross-examination on the dismissed charge.

¶ 11 On appeal, Valdez argues that he should have been allowed to ask Lucero about the false information charge, especially because the prosecution had been allowed to impeach a defense witness's credibility on cross-examination. Valdez argues that the rules of evidence do not limit how many specific instances of conduct bearing on untruthfulness of a party may be presented to the jury, and that the additional evidence of Lucero's untruthfulness would have likely resulted in acquittal.

¶ 12 Rule 608(b) gives broad discretion to the trial court to allow or disallow inquiry concerning any witness's prior bad acts, even if probative of the witness's truthfulness or untruthfulness. *See id.;* Utah R. Evid. 608(b). Specifically, the trial court's "discretion allows it to exclude evidence of previously dismissed criminal charges against the witness." *United States v. Tse,* 375 F.3d 148, 165 (1st Cir.2004).[3] *See also United States v. Marrero-Ortiz,* 160 F.3d 768, 775 (1st Cir. 1998) (finding no abuse of discretion where the district court prohibited the defendant from cross-examining a prosecution witness about a dismissed charge). We hold that under rule 608(b), Judge Christiansen did not

abuse his discretion by prohibiting cross-examination into Lucero's dismissed charge and conclude that "it is [not]· manifest that the court so abused its discretion that there is a likelihood that injustice resulted." *State v. Gentry,* 747 P.2d 1032, 1035 (Utah 1987).

## II.  Rule 403

¶ 13 Valdez also asserts that Judge Lindberg should have granted a new trial because Judge Christiansen violated rule 403 of the Utah Rules of Evidence. *See* Utah R. Evid. 403. The State contends that in failing to make a rule 403 argument to Judge Christiansen, Valdez has not preserved the issue. "However, [Valdez] did raise the issue in his motion for a new trial, and the court addressed the issue on the merits in denying the motion.[4] Because the court considered the alleged error rather than finding it waived, [Valdez's] right to assert the issue on appeal was resuscitated." *State v. Seale,* 853 P.2d 862, 870 (Utah 1993).

¶ 14 Although Valdez preserved his rule 403 argument, it nonetheless fails. Rule 403 provides that "[a]lthough relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Utah R. Evid. 403. By its own language, rule 403 acts only to further exclude evidence, not to permit admission of additional evidence. *See id.* "[I]n the interplay of rules 608(b) and 403, the court's job is to balance the probative value of specific-instances evidence against the potential dangers and costs of that evidence." *State v. Gomez,* 2002 UT 120, ¶ 34, 63 P.3d 72 (quotations and citation omitted).

---

3. Although the Federal Rules of Evidence are a separate body of law from the Utah Rules of Evidence, if the reasoning of a federal case interpreting or applying a federal evidentiary rule is cogent and logical, we may freely look to that case, absent a Utah case directly on point, when we interpret or apply an analogous Utah evidentiary rule. *State v. Fedorowicz,* 2002 UT 67, ¶ 30 n. 1, 52 P.3d 1194. Utah Rules of Evidence 608(b) and

403 track the corresponding federal rules verbatim.

4. Although Judge Lindberg ruled on Valdez's motion for a new trial, for purposes of our review, there is no distinction between the rulings of district court judges of equal jurisdictional power, *see* Utah Code Ann. § 78-3-4 (Supp. 2005), properly assigned to preside over this matter. *See id.* § 78-3-14.2 (2003); Utah R. Jud. Admin. 3-104(3)(E).

¶ 15 In *Gomez*, the Utah Supreme Court enumerated several factors that must be considered in evaluating the interplay of rules 403 and 608(b). *See id.* The trial court should evaluate "the probative value of the proffered testimony," determine "the degree to which the testimony may tend to inflame or prejudice the jury," and then balance the two, determining "whether the danger of unfair prejudice substantially outweighs the testimony's probative value." *Id.*

¶ 16 Although Lucero's credibility was at issue, the probative value of the circumstances surrounding her dismissed charge is negligible in light of other similar impeachment evidence and because a dismissed charge is merely an allegation of misconduct. The defense successfully entered into evidence Lucero's conviction and admission of forgery. The probative value of the dismissed charge, therefore, does not outweigh its prejudicial effect.

¶ 17 Judge Lindberg ruled that the false information charge is cumulative in nature and is excludable under rule 403. *See* Utah R. Evid. 403. Although the evidence concerning the false information charge may not be merely cumulative, Judge Lindberg did consider the low probative value of the inquiry versus its potential inflammatory and prejudicial effect. We see little "likelihood that injustice resulted" by the prohibition of inquiry into the dismissed charge. *State v. Gentry,* 747 P.2d 1032, 1035 (Utah 1987). Therefore, Judge Lindberg did not clearly abuse her discretion in denying the motion for a new trial. *See State v. Pinder,* 2005 UT 15, ¶ 20, 114 P.3d 551.

### III. Open Door Doctrine

¶ 18 Valdez finally asserts that because the prosecution "opened the door" to Lucero's credibility at trial and injected credibility as the main issue, Valdez should be permitted to cast doubt and impugn the witness's credibility. *See Bullock v. Ungricht,* 538 P.2d 190, 192 (Utah 1975). Defense counsel never raised an objection before Judge Christiansen or Judge Lindberg concerning the "open door" doctrine and its applicability to the inquiry of Lucero's credibility. Therefore, this claim was not pre-served, and we decline to review the issue. *See State v. Dean,* 2004 UT 63, ¶ 13, 95 P.3d 276 (stating that unpreserved arguments will not be considered on appeal except under plain error or exceptional circumstances); *State v. Pledger,* 896 P.2d 1226, 1229 n. 5 (Utah 1995) (declining to review unpreserved claim of error absent request for plain error or exceptional circumstances review).

### CONCLUSION

¶ 19 We hold that under rule 608(b), Judge Christiansen did not abuse his discretion by precluding inquiry on cross-examination of Lucero's dismissed false information charge. We also hold that in evaluating Valdez's rule 403 claim and Judge Christiansen's ruling under rule 608, Judge Lindberg did not clearly abuse her discretion by denying the motion for new trial.

¶ 20 Accordingly, we affirm.

¶ 21 WE CONCUR: JUDITH M. BILLINGS and WILLIAM A. THORNE JR., Judges.