2006 UT App 356

**STATE of Utah, Plaintiff and Appellee,**

v.

**James Pat JACOBS, Defendant and Appellant.**

**No. 20050637–CA.**

Court of Appeals of Utah.

Aug. 31, 2006.

---

John Pace, Salt Lake Legal Defender Association, Salt Lake City, for Appellant.

Mark L. Shurtleff, Attorney General, and Joanne C. Slotnik, Assistant Attorney General, Salt Lake City, for Appellee.

Before Judges McHUGH, ORME, and THORNE.

## OPINION

ORME, Judge:

¶ 1 Defendant James Pat Jacobs appeals from his conviction of forcible sexual abuse, a second degree felony. *See* Utah Code Ann. § 76–5–404 (2003). Jacobs argues that the trial court erred in instructing the jury that evidence of skin contact was not necessary for his conviction. We reverse and remand.

## BACKGROUND

¶ 2 In October 2004, Jacobs was charged with forcible sexual abuse after his friend's fifteen-year-old daughter (Child) reported that Jacobs had entered her bedroom and put his hand on her knee, moved his hand up her leg, and ultimately touched her vaginal area. But Child's testimony was inconsistent regarding whether the touching of her vaginal area involved any skin contact. She testified at the preliminary hearing that Jacobs touched her over her underwear, but then she testified at trial that there was brief skin contact after Jacobs moved her underwear aside.

¶ 3 At the close of his trial, Jacobs requested a jury instruction stating that skin contact was necessary for a touch to qualify under the statute as the prohibited touching of forcible sexual abuse.[1] The court denied this request. Jacobs also argued that the jury instruction setting forth the elements of forcible sexual abuse should include the word "unclothed" before each body part listed in the statute. The court also overruled this

---

1. A person commits forcible sexual abuse if the victim is 14 years of age or older and ... the actor touches the anus, buttocks, or any part of the genitals of another, or touches the breast of a female, or otherwise takes indecent liberties with another, or causes another to take indecent liberties with the actor or another, with intent to cause substantial emotional or bodily pain to any person or with the intent to arouse or gratify the sexual desire of any person, without the consent of the other, regardless of the sex of any participant.

Utah Code Ann. § 76–5–404(1) (2003).

objection. The issue surfaced yet again during jury deliberations when the jury questioned the court regarding an instruction that defined the term "touching." The jury queried: "Is touching referring to only direct contact to skin or is it saying it could be over clothing?" The court responded: "Skin to skin touching is not required."

¶ 4 Upon completion of its deliberations, the jury found Jacobs guilty of one count of forcible sexual abuse. The court sentenced him to a prison term of one to fifteen years. Jacobs now appeals.

## ISSUE AND STANDARD OF REVIEW

¶ 5 All of Jacobs's claims of error stem from the trial court instructing the jury that skin contact was not required for a conviction of forcible sexual abuse. Whether a jury instruction—be it an initial instruction or a supplemental instruction—correctly states the law is, of course, a legal question, which we review under a correction of error standard. *See State v. Archuleta,* 850 P.2d 1232, 1244 (Utah 1993).

## ANALYSIS

### I. Interpretation of the Term "Touching"

¶ 6 As a general rule, when interpreting statutory language "we presume that the Legislature used each term advisedly, and we give effect to each term according to its ordinary and accepted meaning." *Versluis v. Guaranty Nat'l Cos.,* 842 P.2d 865, 867 (Utah 1992). In other words, we usually construe words in a statute as a lay person would understand them. Here, the words "touch" and "touching" might commonly be understood to include contact that was made over

clothing. Indeed, people frequently talk of an object "touching" them when such contact to the body is made over clothing.[2] We thus concede that the ordinary and accepted meaning of touching probably includes contact that occurs over clothing, and absent further direction by the Legislature our analysis would likely end here.

¶ 7 But when the Legislature undertakes to specifically prescribe when a certain definition does and does not apply, the Legislature's direction is controlling. *Cf. Morton Int'l, Inc. v. Auditing Div.,* 814 P.2d 581, 590 (Utah 1991) ("[A] statutory term should be interpreted and applied according to its usually accepted meaning, where the ordinary meaning of the term results in an application that is neither unreasonably confused, inoperable, *nor in blatant contradiction of the express purpose of the statute."*) (emphasis added). Here, the Legislature has done precisely this in enacting section 76-5-407, the function of which is to specify when certain definitions of the terms "penetration" and "touching" are to apply to various offenses in the criminal code. *See* Utah Code Ann. § 76-5-407 (2003). This section includes a list of three offenses for which "any touching, *even if accomplished through clothing,* is sufficient to constitute the relevant element of the offense." *Id.* § 76-5-407(3) (emphasis added). The specifically enumerated offenses are (1) "sodomy on a child," (2) "sexual abuse of a child," and (3) "aggravated sexual abuse of a child." *Id.* But forcible sexual abuse has not been included in the list. That being the case, "we must assume that each term included in the [statute] was used advisedly," and because " 'statutory construction presumes that the expression of one should be

2. In the present context, this is especially true when the word "touching" is used in connection with the terms "buttocks" and "breast." But we have some trepidation as to whether this is the commonly understood meaning of the word "touching" when it is used in connection with the terms "anus" and "genitals," which were the only two body parts the Legislature included in the original version of the forcible sexual abuse statute. *See* Utah Code Ann. § 76-5-404 (Supp. 1973). It seems the two sets of terms are on somewhat different footings, with the latter terms involving a more intimate touching than the touching often associated with the former

terms. Thus, one can readily imagine a woman complaining that someone had touched her "breasts" or touched her "buttocks" (or, more likely, her "butt") even if she was fully clothed. In contrast, a fully clothed woman would not likely be heard to complain that someone had touched her "genitals" or her "anus"—terms that intrinsically connote specific anatomical parts not readily discernible when covered. Rather, she would more likely complain that someone had grabbed her "crotch," or use some other term descriptive of the general area of the body.

interpreted as the exclusion of another[,]" ... we should give effect to any omission in the [statute's] language by presuming that the omission is purposeful." *Carrier v. Salt Lake County*, 2004 UT 98, ¶ 30, 104 P.3d 1208 (quoting *Biddle v. Washington Terrace City*, 1999 UT 110, ¶ 14, 993 P.2d 875).

¶ 8 Moreover, the legislative history of section 76-5-407 suggests that the omission was indeed purposeful. Originally, section 76-5-407 made no reference at all to touching through clothing. *See* Utah Code Ann. § 76-5-407 (Supp.1973). The statute was then amended in 1988 to include a subsection that enumerated the offenses for which "touching, even if accomplished through clothing," was sufficient. *Id.* § 76-5-407(3) (Supp.1988).[3] And in 1999, the Legislature further amended the statute, substituting the specific statutory references to the offenses for the general descriptions of conduct that had previously been used. *See id.* § 76-5-407 (1999). Because section 76-5-407 is so thorough—expressly listing almost all the sexual offenses of title 76, chapter 5, part 4—we must assume that those few missing sections are a result of the Legislature's deliberate decision to omit them.[4]

¶ 9 Such a restrictive interpretation of the term "touching" does not, as the State suggests, render absurd results or ultimately allow "a perpetrator [to] insulate himself from criminal liability for forcible sexual abuse simply by wearing a surgical glove when he touche[s] the unclothed genitals of his victim." For one thing, the focus is on the victim's uncovered skin—not the perpetrator's. Moreover, the restrictive interpretation here follows from the problem inherent in interpreting the elements of sex crimes:

> On the one hand, there is the need to give effect to the legislative intent and penalize sexual abuse, a concept which, in all its possible forms, is extremely difficult to define. On the other hand, there is a need to define the prohibited conduct with precision in order to avoid unconstitutional vagueness and chilling of protected conduct, and to avoid attaching the weight of criminal culpability to innocent or innocuous (but possibly indecorous) behavior.

*State v. Peters*, 796 P.2d 708, 711 (Utah Ct.App.1990) (footnote omitted). But to balance this need for a restrictive interpretation, the statute includes the less restrictive "indecent liberties" prong, "extending the

---

**3.** At the time of the 1988 amendment, only a few cases had addressed the definition of the term "touching" under the former version of the statute. In *State v. Peterson*, 560 P.2d 1387 (Utah 1977), the Utah Supreme Court determined that the touching proscribed by the forcible sexual abuse statute could be established by a touching of a victim's genitals through clothing. *See id.* at 1390-91. The *Peterson* decision was therefore effectively overruled by the later amendment to section 76-5-407, which did not include forcible sexual abuse as one of the offenses that could be committed by a touching through clothing. *See* Utah Code Ann. § 76-5-407(3) (Supp.1988).

Two slightly more recent cases also addressed this issue, albeit tangentially, since both were decided under the "indecent liberties" prong, and not the "touching" prong, of the forcible sexual abuse statute. *See In re L.G.W.*, 641 P.2d 127, 129 (Utah 1982) (concluding that brief touching of clothed buttocks did not constitute taking indecent liberties); *In re J.L.S.*, 610 P.2d 1294, 1296 (Utah 1980) (determining that momentary touching of covered breast did not constitute taking indecent liberties). Both cases were necessarily decided under the indecent liberties prong because the body parts touched were not, at that time, among those specifically

listed by the forcible sexual abuse statute, both being added by a later amendment. *See* Utah Code Ann. § 76-5-404 (Supp.1983).

**4.** Indeed, there appears to be a purposeful division on the part of the Legislature between the offenses included in section 76-5-407 and those that are left out. The three listed offenses—sodomy on a child, sexual abuse of a child, and aggravated sexual abuse of a child—protect particularly young victims, i.e., those under the age of fourteen. *See* Utah Code Ann. § 76-5-403.1(1) (2003) (sodomy on a child); *id.* § 76-5-404.1(1) (sexual abuse of a child and aggravated sexual abuse of a child). The statutory counterparts for victims over fourteen years of age, however, are not included in section 76-5-407's list of offenses for which touching over clothing would establish the offense. Instead, only the offenses of sodomy on those fourteen years of age and older, *see id.* §§ 76-5-401(2)(b),-401.2(2)(b),-403, are included in the list of offenses for which "any touching, however slight, is sufficient to constitute the relevant element of the offense." *Id.* § 76-5-407(2)(b). And the offenses of sexual abuse of a minor between ages fourteen and sixteen, *see id.* § 76-5-401.1, and forcible sexual abuse, *see id.* § 76-5-404, are entirely missing from section 76-5-407.

scope of the statute to cover other sexual misconduct of equal gravity." *Id.* Thus, even when the specified body parts are touched through clothing, the perpetrator may still be punished under the indecent liberties prong of the statute when, considering all the surrounding circumstances, the conduct is comparable to the touching that is specifically prohibited. *See id.* at 711–12 (noting that the forcible sexual abuse statute does not specify whether the touching must be of unclothed body parts, and then proceeding to evaluate the surrounding circumstances to determine that the touching of a clothed breast constituted taking indecent liberties).

¶ 10 But here, the indecent liberties analysis was irrelevant because the State focused only on the touching prong at trial. And although the instruction regarding forcible sexual abuse listed both prongs, the trial court later clarified in a supplemental instruction to the jury: " 'Indecent liberties' was not defined because it is not the theory of the case. You should not concern yourselves with the concept." The jury was therefore confined to the touching prong of the statute in arriving at its verdict.

## II. Harmless Error

¶ 11 The State argues that because Child testified at trial that skin contact occurred, and because the jury apparently found Child more credible than Jacobs, any error in the jury instruction was harmless. We categorically reject such an argument. While the jury is, of course, "the exclusive judge of both the credibility of witnesses and the weight to be given particular evidence," *State v. Workman,* 852 P.2d 981, 984 (Utah 1993), the jury is also free to accept only a portion of a victim's testimony. *Cf. Even Odds, Inc. v. Nielson,* 22 Utah 2d 49, 448 P.2d 709, 712 (1968) ("[The trier of fact] is not bound to slavishly follow the evidence . . . given by any particular witness."). The jury here, in its wisdom, may have done just that and determined that Child's trial testimony was largely credible, but that the portion regarding unclothed touching was not.

¶ 12 Indeed, the jury's inquiry during deliberations concerning whether the term "touching" required skin contact demonstrates that it was in fact a problematic issue for the jury. Such an inquiry would have been unnecessary if each juror believed Child's trial testimony wholesale, including her statement that Jacobs touched her beneath her underwear. But given Child's inconsistent testimony regarding this element, it would hardly be surprising for the jury to be collectively skeptical, or ultimately divided, on the issue.

¶ 13 Thus, it seems that reversal would be required in any event because the jury was misled, to the prejudice of Jacobs. But notwithstanding whether such prejudice exists and was proven, we reverse here because the trial court misinstructed the jury as to an applicable legal requirement, and this alone is sufficient for reversal. *Cf. In re Estate of Kesler,* 702 P.2d 86, 96–97 (Utah 1985) ("We may reverse a trial court judgment only if there is a reasonable likelihood that, absent the error, there would have been a result more favorable to the complaining party. The failure to give an instruction to which a party is entitled may constitute reversible error only if it tends to mislead the jury to the prejudice of the complaining party *or insufficiently or erroneously advises the jury on the law."*) (emphasis added) (footnote omitted).

## CONCLUSION

¶ 14 Although the ordinary and accepted meaning of the term "touching" typically includes contact that occurs over clothing, we conclude that the Legislature has specifically enumerated the offenses to which this broader definition of touching applies. Because forcible sexual abuse is not one of those enumerated offenses, the trial court incorrectly instructed the jury on the law. Thus, we reverse Jacobs's conviction and remand for a new trial or such other proceedings as may now be appropriate.

¶ 15 WE CONCUR: CAROLYN B. McHUGH and WILLIAM A. THORNE JR., Judges.