2008 UT App 419

**STATE of Utah, Plaintiff and Appellee,**

v.

**Sergio ESCAMILLA–HERNANDEZ, Defendant and Appellant.**

**No. 20071020.**

Court of Appeals of Utah.

Nov. 20, 2008.

998

John Pace, Salt Lake City, for Appellant.

Mark L. Shurtleff, atty gen., and Joanne C. Slotnik, asst. atty. gen., Salt Lake City, for Appellee.

Before GREENWOOD, P.J., BILLINGS and ORME, JJ.

## OPINION

BILLINGS, Judge:

¶ 1 Defendant Sergio Escamilla–Hernandez appeals his convictions of two counts of aggravated sexual abuse of a child, a first degree felony, in violation of Utah Code section 76–5–404.1. *See* Utah Code Ann. § 76–5–404.1 (Supp.2008). Specifically, Defendant asserts that his double jeopardy protections were violated when he was convicted twice for sexually abusing a child, even though the abuse occurred during a single encounter. We affirm.

## BACKGROUND[1]

¶ 2 In June 2004, Defendant approached K.H., the twelve-year-old victim, and her friends during daylight hours at a public park in Tooele, Utah. K.H. and her friend T.V. left the other girls and walked toward the bathrooms, where they met Defendant by a tree and sat down. Defendant, whose first language is Spanish, asked K.H. in broken English, "What happened; are you mad at me?" K.H. testified that Defendant then started trying to kiss her but that she "push[ed] him away." After a few minutes, the girls got up and walked over to some

bleachers located near the bathrooms and a concessions stand.

¶ 3 Defendant and K.H. sat down together towards the bottom of the bleachers, while T.V. sat at the top. Defendant again tried to kiss K.H., and she again pushed him away. T.V. then moved down to the bottom of the bleachers, attempting to pull K.H. away from Defendant. Defendant then asked K.H. to go behind the concessions stand with him. He grabbed her arm and led her there. T.V. followed behind.

¶ 4 Standing about six feet away, T.V. watched Defendant put K.H.'s back against the wall of the concessions stand, kiss her neck and lips, put his hand around her throat, rub between her legs, and touch her buttocks. K.H. testified that Defendant held her against the wall, used one hand to choke her, kissed her neck, gave her a "hickey," and rubbed her between her legs and on her "butt." Both K.H. and T.V. testified that K.H. tried to push Defendant off by folding her arms against Defendant's chest and pushing.

¶ 5 Defendant stopped when the parents of one of the other girls pulled into a nearby parking lot to check on the girls. T.V. testified that Defendant took K.H.'s hand and said, "I'll see you tomorrow." Defendant began walking back home across the street. K.H. said that she had to go home and also left the park. Defendant began to follow her when the parents who had come to check on the girls came to pick up K.H. K.H. was crying and hysterical, and the parents called K.H.'s mother and the police.

¶ 6 Defendant denied any unlawful behavior. He testified that K.H. accosted him and "insisted so much in calling [him that he] thought she needed something." Defendant was convicted on two counts of aggravated sexual abuse of a child—one for rubbing K.H.'s genitalia and one for touching her buttocks. Defendant now appeals.

---

1. Defendant maintains that he did not engage in any illegal conduct. However, we recite the facts in the light most favorable to the jury's verdict. *See State v. Valdez,* 2006 UT App 290, ¶ 1 n. 2, 141 P.3d 614 ("view[ing] the facts in the light most favorable to the jury verdict and recit[ing] them accordingly").

## ISSUE AND STANDARD OF REVIEW

■ ¶ 7 Defendant argues that his protections against double jeopardy were violated when he was convicted on *two* counts of aggravated sexual abuse of a child because his violation of a single statutory provision was during a brief moment and was part of a single general intent, impulse, and plan. A claimed violation of double jeopardy protections is "a question of law that we review for correctness." *State v. Kell*, 2002 UT 106, ¶ 61, 61 P.3d 1019 (citing *State v. One 1980 Cadillac*, 2001 UT 26, ¶ 8, 21 P.3d 212).

■ ¶ 8 This issue was not raised below; Defendant raises it on appeal under the rubric of ineffective assistance of counsel.[2] To prevail on a claim of ineffective assistance of counsel, Defendant must show that his counsel's performance was so deficient that it fell below an objective standard of reasonableness and that, absent the deficient performance, a reasonable probability existed that the outcome of the trial would have been different. *See Strickland v. Washington*, 466 U.S. 668, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

## ANALYSIS

■ ¶ 9 Defendant failed to raise his double jeopardy claim before the trial court and thus must claim his counsel was ineffective in failing to raise this defense at trial. Under the doctrine of ineffective assistance of counsel, Defendant must prove that his counsel's performance was deficient. *See id.* at 687, 104 S.Ct. 2052. We conclude that Defendant's counsel was not deficient for failing to object to the State's prosecution of Defendant on two counts of aggravated sexual abuse of a child. Defendant was convicted

under Utah Code section 76–5–404.1(2), which reads:

A person commits sexual abuse of a child if, under circumstances not amounting to rape of a child, object rape of a child, sodomy upon a child, or an attempt to commit any of these offenses, the actor touches the anus, buttocks, or genitalia of any child, the breast of a female child, or otherwise takes indecent liberties with a child ... with the intent to arouse or gratify the sexual desire of any person regardless of the sex of any participant.

Utah Code Ann. § 76–5–404.1(2). Specifically, Defendant was convicted on two counts for touching K.H. in two different places—her genitalia and her buttocks.[3] Defendant argues that his *two* convictions violate double jeopardy protections because the touchings violate a single statutory provision, occurred during a single criminal episode, and were part of a single general intent, impulse, or plan.

¶ 10 To support his argument, Defendant relies on a series of larceny cases, which set forth the rule that

"[t]he general test as to whether there are separate offenses or one offense is whether the evidence discloses one general intent or discloses separate and distinct intents.... If there is but one intention, one general impulse, and one plan, even though there is a series of transactions, there is but one offense."

*State v. Kimbel*, 620 P.2d 515, 518 (Utah 1980) (quoting *People v. Howes*, 99 Cal. App.2d 808, 222 P.2d 969 (1950)). In *State v. Kimbel*, 620 P.2d 515 (Utah 1980), the defendant was convicted of theft after engaging in a series of transactions that included stealing

---

**2.** Defendant also raises his argument on appeal under the doctrine of plain error. However, we do not address the issue under plain error because the error was invited. At trial, defense counsel conceded during closing argument that the State was legally justified in proceeding on two counts of aggravated sexual abuse of a child. "The doctrine of invited error prohibits a party from setting up an error at trial and then complaining of it on appeal." *State v. Perdue*, 813 P.2d 1201, 1205 (Utah Ct.App.1991) (internal quotation marks omitted). The purpose of the invited error doctrine is to encourage parties to raise issues at the trial level so that the trial court

will have the first opportunity to correct any perceived mistakes. *See State v. Anderson*, 929 P.2d 1107, 1109 (Utah 1996). In any event, based on our ineffective assistance of counsel analysis, there was no obvious error made by the trial court.

**3.** We note that in cases where the victim is under fourteen years of age, a touching over clothing satisfies the statute. *See State v. Jacobs*, 2006 UT App 356, ¶¶ 8 n. 4, 9, 144 P.3d 226; Utah Code Ann. § 76–5–404.1 (Supp.2008).

parts from a business and selling them to a salvage business. *See id.* at 516. The defendant asserted that because the value of the individual thefts amounted to less than $250, he could not be convicted of a third degree felony. *See id.* at 517–18. However, the Utah Supreme Court upheld the defendant's conviction for a single charge of theft as a third degree felony, *see id.* at 519, because although "the actual [thefts] occurred at different times on the same day," they were all "part of a continuing plan." *Id.* at 518; *see also State v. Crosby,* 927 P.2d 638, 645 (Utah 1996) (holding that "although the transactions underlying [the defendant's] theft convictions occurred over a period of time, they were part of a single plan and should have been charged as a single offense"); *State v. Patterson,* 700 P.2d 1104, 1105–06 (Utah 1985) (concluding that acts of embezzlement over a two-month period should be charged as a single offense); *State v. McCarthy,* 25 Utah 2d 425, 483 P.2d 890, 891 (1971) (noting that in deciding whether the defendant could be convicted of a single charge of grand larceny instead of the lesser included offenses of attempted petty larceny, the court should consider the defendant's intent and not the fact that the thefts occurred at different times); *State v. Gibson,* 37 Utah 330, 108 P. 349, 350 (1910) (holding that embezzlements over an extended period of time constitute a single continuous transaction).

¶ 11 We are not persuaded that competent counsel should have argued for an extension of these larceny cases to the arena of child sexual abuse. Rather, we think competent counsel would have concluded—as counsel did in this case—that the State could prosecute Defendant for two separate crimes under established case law and the clear language of section 76–5–404.1. *See* Utah Code Ann. § 76–5–404.1(2).

¶ 12 A case factually similar to the case before us, *State v. Suarez,* 736 P.2d 1040 (Utah Ct.App.1987), supports our conclusion that Defendant's counsel was not ineffective in failing to raise the double jeopardy claim at trial. In *Suarez,* the court upheld the defendant's convictions for two separate counts of forcible sexual abuse for a single incident of sexual abuse. *See id.* at 1042–43. There, the defendant removed the victim's shirt and placed his mouth over her breasts and then touched the victim's genitalia. *See id.* at 1042. The defendant argued that because both of his convictions violate a single statutory provision and occurred during a single criminal episode, he could not be prosecuted for two separate and distinct offenses. *See id.* However, the court held that because the defendant engaged in two "separate acts requiring proof of different elements," they "constitute separate offenses." *Id.*

¶ 13 The plain language of the statute further supports our conclusion that Defendant's counsel was not ineffective. The statute provides: "A person commits sexual abuse of a child if ... the actor touches the anus, buttocks, *or* genitalia of any child, the breast of a female child, *or* otherwise takes indecent liberties with a child." Utah Code Ann. § 76–5–404.1(2) (emphasis added). We emphasize the use of the word "or" in the statute, suggesting that sexual abuse of a child can occur in various alternative ways. Thus, according to the plain language of the statute, an act of sexual abuse can fall into one of five categories to constitute unlawful sexual abuse: (1) touching the anus of any child, (2) touching the buttocks of any child, (3) touching the genitalia of any child, (4) touching the breast of a female child, or (5) taking indecent liberties with any child.

¶ 14 Therefore, established Utah case law and the plain statutory language of the crimes at issue support defense counsel's belief that Defendant could be charged and convicted for two separate offenses under Utah Code section 76–5–404.1(2). We simply cannot say that trial counsel was ineffective in not raising a double jeopardy argument at trial.

## CONCLUSION

¶ 15 We conclude that Defendant's trial counsel did not render ineffective assistance of counsel by failing to object to the State's prosecution of Defendant on two counts of aggravated sexual abuse of a child on the grounds that the prosecution violated Defendant's double jeopardy protections. Accordingly, we affirm Defendant's convictions.

¶ 16 WE CONCUR: PAMELA T. GREENWOOD, Presiding Judge and GREGORY K. ORME, Judge.