2007 UT App 273

**STATE of Utah, Plaintiff and Appellee,**

v.

**Kenneth Anthony LEBER, Defendant and Appellant.**

No. 20060613–CA.

Court of Appeals of Utah.

Aug. 9, 2007.

Joyce G. Smith, Blanding, for Appellant.

Mark L. Shurtleff, Attorney General, and Marian Decker, Assistant Attorney General, Salt Lake City, for Appellee.

Before GREENWOOD, Associate Presiding Judge, BILLINGS, and McHUGH, JJ.

## OPINION

GREENWOOD, Associate Presiding Judge:

¶1 Defendant Kenneth Anthony Leber appeals his jury conviction of second degree felony child abuse. *See* Utah Code Ann. § 76-5-109 (Supp.2006). On appeal, Defendant contends that the trial court abused its discretion in admitting evidence of Defendant's prior crimes and bad acts without first conducting an inquiry under rule 404(b) of the Utah Rules of Evidence. *See* Utah R. Evid. 404(b). Defendant also claims ineffective assistance of counsel. We affirm.

## BACKGROUND

¶ 2 In January 2006, Defendant was involved in an altercation with his fifteen-year-old son, M.L., over M.L.'s guitar playing. According to M.L., when M.L. refused to stop playing the guitar a fight ensued between Defendant and his son, and Defendant threw M.L. against a mirror and choked him into unconsciousness. Police found M.L. at a grocery store in Mexican Hat, Utah, where he had a bleeding mouth, swollen eye, and finger marks around his neck. At Defendant's mobile home, police observed a mirror broken in two places, where it appeared someone had been smashed into it, and blood in the hallway and the bathroom sink. Defendant told the officers that M.L. had pushed him and that he was defending himself.

¶ 3 Defendant was charged with second degree felony child abuse. *See* Utah Code Ann. § 76-5-109. At Defendant's jury trial, the trial court ruled that Defendant's counsel had opened the door to M.L.'s character trait for violence through opening argument statements and questions posed to M.L. Pursuant to rules 404(a) and 405 of the Utah Rules of Evidence, the trial court then allowed the admission of evidence about Defendant's reputation for violence and about three of Defendant's prior crimes or bad acts. *See* Utah R. Evid. 404(a), 405. In addition, the trial court suggested, and defense counsel approved, a rule 404(b) jury instruction limiting the jury's use of the prior bad acts evidence. *See id.* 404(b). The jury convicted Defendant, and he now appeals.

## ISSUES AND STANDARDS OF REVIEW

¶ 4 Defendant argues that the trial court abused its discretion in admitting evidence of Defendant's prior bad acts. We review a trial court's decision to admit evidence of prior crimes and other bad acts under an abuse of discretion standard. *See State v. Decorso*, 1999 UT 57, ¶ 18, 993 P.2d 837. However, "[w]e may affirm if the evidence was admissible on any ground or if erroneous admission of the evidence was harmless error." *United States v. McHorse*, 179 F.3d 889, 901 (10th Cir.1999).[1]

¶ 5 Defendant also claims that his trial counsel was ineffective for failing to present certain evidence and failing to object to the admission of other evidence. "In order to demonstrate ineffective assistance, an appellant must show that trial counsel rendered deficient performance which fell below an objective standard of professional judgment, and that the deficiency was ultimately prejudicial." *State v. Pecht*, 2002 UT 41, ¶ 41, 48 P.3d 931 (quotations omitted). Ineffective assistance of counsel claims are reviewed as a matter of law, for correctness. *See State v. Maestas*, 1999 UT 32, ¶ 20, 984 P.2d 376.

## ANALYSIS

### I. Defendant's Prior Bad Acts

¶ 6 At trial, Defendant relied on a claim of self-defense. In arguing that Defendant used "reasonable force" to "defend himself" against his son's alleged attack, defense counsel stated in opening argument: "[Y]ou're gonna hear that this is a teenage child that [Defendant] has had trouble with, in the past. He was acting up that day. It was, in fact, the child that attacked [Defendant]." Later, when defense counsel questioned M.L. about the reason he moved out of his mother's house, M.L. stated that he had a fight with his mother's boyfriend. In response to this testimony, the trial court called a conference outside the jury's presence where the trial court determined that defense counsel's opening argument statements and his questioning of M.L. had put at

---

1. Because the federal and Utah rules of evidence discussed in this opinion are identical and there are few state cases addressing the issues presented on appeal, we refer to federal cases interpreting rules 404 and 405. *Compare* Fed.R.Evid. 404, 405, *with* Utah R. Evid. 404, 405. "This court recognizes the persuasiveness of federal interpretations when the state and federal rules are similar and few Utah cases deal with the rule in question." *State v. 736 North Colorado St.*, 2005 UT 90, ¶ 10 n. 4, 127 P.3d 693 (quotations omitted); *see also State v. Webster*, 2001 UT App 238, ¶ 22 n. 1, 32 P.3d 976 ("Since the advisory committee generally sought to achieve uniformity between Utah's rules of evidence and the federal rules of evidence, this court looks to the interpretations of the federal rules by the federal courts to aid in interpreting the Utah rules." (alterations and quotations omitted)).

issue the victim's propensity for violence, and therefore, the State could present evidence of Defendant's propensity for violence.[2] After ruling that Defendant had opened the door to M.L.'s propensity for violence under rule 404(a), the trial court appeared to apply rule 405.[3] While not specifically mentioning rule 405, the trial court referred to the rule's provisions, and then stated that the State could present reputation or opinion testimony about Defendant's propensity for violence and that, on cross-examination, Defendant could be asked about specific instances of conduct, including past crimes, that demonstrated violence. *See* Utah R. Evid. 405(a)-(b).[4]

¶ 7 Accordingly, the trial court allowed the State to present reputation and opinion testimony from M.L.'s mother that Defendant is violent with children. On cross-examination, M.L.'s mother also testified that, in her opinion, M.L. is violent. The State also asked Defendant upon cross-examination about three specific instances of conduct demonstrating violence. These instances were Defendant's ten-year-old conviction for child abuse against M.L. when M.L. was six-years-old, an assault in 2003, and a domestic violence incident against M.L.'s mother. Defen-

dant's testimony regarding the prior bad acts was brief. Regarding the child abuse, Defendant stated only, "I was, ah, arrested ten years ago for a child abuse context." Defendant asserted that he was incarcerated without pleading guilty and without having a trial. The State did not question him further about the details of the incident. Defendant then denied being involved in an assault in Alaska in 2003, and no further details of that incident were presented. In regard to the domestic violence charge, Defendant stated, "I had a dispute with [M.L.'s] mother" and denied that child endangerment was involved.

¶ 8 The admission of evidence of these three prior bad acts forms the basis for Defendant's first claim on appeal. Specifically, Defendant claims that the trial court abused its discretion in failing specifically to address and comply with the requirements of rule 404(b) before allowing testimony of the three prior acts under rule 405.[5] Defendant argues that this improper admission prejudiced the jury by "provok[ing] the jury's instinct to punish and caus[ing] the jury to base its decision on something other than the established facts of the case."

¶ 9 The relevant rules of evidence state:

**2.** Although defense counsel briefly protested the trial court's ruling, saying, "I don't see how that opens the door," he subsequently confirmed his reliance on proving the victim's propensity for violence. He said in conference, "I have to show that this individual has been obstreperous towards his dad and that his dad—and that he took actions against his dad. That he's had the type of nature that he's done things against his dad in the past."

**3.** The trial court referred to the provisions of rule 404(a) by stating:
> Rule 404 says character evidence is not usually admissible, except evidence of a pertinent ... trait of character offered by an accused ... or if evidence of a trait of character of the alleged victim is offered by the accused, evidence of the same trait of character of the accused could be offered by the prosecution.

**4.** We note that rule 405(a) allows *witnesses* to be asked on cross-examination about specific instances of conduct.
> [O]n cross-examination inquiry is allowable as to whether the reputation witness has heard of particular instances of conduct pertinent to the trait in question. The theory is that, since the reputation witness relates what he has heard, the inquiry tends to shed light on the accuracy

of his hearing and reporting. Accordingly, the opinion witness would be asked whether he knew, as well as whether he had heard.

Fed.R.Evid. 405 advisory committee's note (citation omitted). In Defendant's case, the trial court allowed the State to ask Defendant himself about specific prior acts of violence, which would only be permissible under rule 405(b) if character were an essential element of his defense. In this opinion, we have addressed the narrow question posed on appeal, that is whether the trial court abused its discretion in failing to address and comply with rule 404(b) before allowing evidence of Defendant's character trait for violence under rule 405. Therefore, we decline to address the additional unargued and unbriefed issue of whether the trial court erred in allowing the State to question Defendant directly about specific acts of violence. *See State v. Robison*, 2006 UT 65, ¶ 25, 147 P.3d 448 (holding that the court of appeals erred when it based its decision on an unargued legal theory).

**5.** Although the trial court admitted evidence of these three acts under rule 404(a), the trial court stated that it was "already a close call" whether evidence of these three incidents would be admissible under rule 404(b) to show intent or knowledge. *See* Utah R. Evid. 404(a)-(b).

Rule 404(a)(1).

(a) *Character evidence generally.* Evidence of a person's character or a trait of character is not admissible for the purpose of proving action in conformity therewith on a particular occasion, except:

(a)(1) *Character of accused.* Evidence of a pertinent trait of character offered by an accused . . . or if evidence of a trait of character of the alleged victim of the crime is offered by the accused and admitted under Rule 404(a)(2), evidence of the same trait of character of the accused offered by the prosecution.

Utah R. Evid. 404(a).

Rule 404(a)(2).

(a)(2) *Character of alleged victim.* Evidence of a pertinent trait of character of the alleged victim of the crime offered by an accused, or by the prosecution to rebut the same.

Utah R. Evid. 404(a)(2).

Rule 404(b) allows evidence of prior crimes or bad acts under certain circumstances:

(b) *Other crimes, wrongs, or acts.* Evidence of other crimes, wrongs or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.

Utah R. Evid. 404(b).

Rule 405. Methods of Proving Character.

(a) *Reputation or opinion.* In all cases in which evidence of character or a trait of character of a person is admissible, proof may be made by testimony as to reputation or by testimony in the form of an opinion. On cross-examination, inquiry is allowable into relevant specific instances of conduct.

(b) *Specific instances of conduct.* In cases in which character or a trait of character of a person is essential element of a charge, claim, or defense, proof may also be made of specific instances of that person's conduct.

Utah R. Evid. 405(a)-(b).

¶ 10 Defendant claims on appeal that the trial court abused its discretion by going directly to rule 405 after Defendant opened the door under rule 404(a) without first addressing or complying with the requirements of rule 404(b). Defendant reaches this conclusion by arguing that the "well-established rule of statutory construction provid[es] that specific provisions prevail over general provisions." Defendant argues, "Although Utah R. of Evid. 405(a) does allow 'specific instances of conduct' upon cross-examination, prior bad acts are only one type of a specific instance of conduct. Prior bad acts are specifically addressed in Utah R. Evid. 404(b), which is more specific than Rule 405(a)." In making this assertion, Defendant misapprehends the relationship among rules 404(a), 404(b), 405(a), and 405(b). *See* Utah R. Evid. 404(a)-(b), 405(a)-(b).

¶ 11 Under the framework of the rules of evidence, rule 404(a) is applicable when character is at issue, while rule 404(b) is applicable when character is not at issue; and evidence admitted under rule 404(a) is subject to rule 405. The court in *United States v. Roper,* 135 F.3d 430 (6th Cir.1998), explained:

Rule 404(a)(1) explicitly provides that "evidence of a person's character or a trait of character" is admissible "for the purpose of proving action in conformity therewith on a particular occasion" when a criminal defendant's character has been properly joined as an issue. Rule 404(b), as stated, permits the introduction of "other crimes, wrongs, or acts" evidence to prove elements that do not directly relate to character. Despite the limited scope of the application of these rules in tandem, Congress in its commentary has explained:

Character may itself be an element of a crime, claim, or defense. A situation of this kind is commonly referred to as "character in issue." . . . . No problem of the general relevancy of character evidence is involved and the present rule [Rule 404] therefore has no provision on the subject. The only question relates

to allowable methods of proof, as to which ... Rule 405 [speaks].

*Id.* at 433 (alterations in original) (quoting Fed.R.Evid. 404 advisory committee's notes); *see also Crawford v. Yellow Cab Co.*, 572 F.Supp. 1205, 1209 (N.D.Ill.1983) (stating "[w]hen character evidence is offered in cases where character is in issue, its use is not circumstantial; therefore, it avoids the problems raised under Rule 404(b)"); R. Collin Mangrum & Dee Benson, *Mangrum & Benson on Utah Evidence* 148 (2006) ("If evidence of the character of the victim ... is relevant and admissible under Rule 404(a)(2), Rule 405 limits the form of such evidence to opinion and reputation testimony on direct with inquiry into specifics permitted on cross-examination.").

 ¶ 12 Contrary to Defendant's assertion, the trial court was not required to engage in a rule 404(b) analysis before addressing rule 405.[6] Notably, Defendant does not argue on appeal that the trial court improperly ruled that character was at issue in the first instance under rule 404(a). In fact, defense counsel stated in response to a direct question during oral argument that Defendant was not challenging whether trial counsel did indeed open the door to Defendant's character trait for violence. Nonetheless, we note that a self-defense claim generally does not put character at issue.

> Character is seldom an element of a claim or defense in a criminal case. Generally, whether a person's character is at issue will depend on the underlying substantive law at issue. Certainly the claim of self defense does not place the character at issue.

R. Collin Mangrum & Dee Benson, *Mangrum & Benson on Utah Evidence* 176 (2006); *see also United States v. Talamante*, 981 F.2d 1153, 1156 (10th Cir.1992) (stating that the "use of evidence of a victim's violent character to prove that the victim was the aggressor is circumstantial use of character evidence"). Because neither party chal-

lenges whether the character trait for violence was properly at issue under rule 404(a), we do not address it on appeal. "Other than for jurisdictional reasons [the court of appeals] should not normally search the record for unargued and unbriefed reasons to reverse a [district] court judgment." *State v. Robison*, 2006 UT 65, ¶ 22, 147 P.3d 448 (alterations in original) (quotation omitted); *see also State v. Valdez*, 2006 UT App 290, ¶ 18, 141 P.3d 614 (stating that because defense counsel never raised an objection before the trial court concerning the "open door" doctrine, the claim was not preserved and the court declined to review it on appeal).

¶ 13 Although the trial court did not need to comply with the more specific requirements of rule 404(b), the trial court nonetheless suggested a 404(b) limiting jury instruction to defense counsel. The trial court stated, "And I could also say I also permitted evidence of other acts as they may bear on the defendant's knowledge about what may or may not be reasonable discipline in the eyes of the law." In response to the trial court's questioning of defense counsel on whether he would like such a jury instruction, defense counsel stated, "Ah, I think I'd like it." Accordingly, the trial court submitted the following jury instruction:

> Evidence of other crimes or acts may not be used to determine that Defendant has a propensity to commit crime. I have permitted you to hear evidence about the character of the alleged victim and the defendant to help you evaluate whether either of them was violent without justification on this date. I also allowed evidence of previous brushes with the law involving allegations of child abuse to help you evaluate whether defendant knows of boundaries the law imposes in defending oneself or disciplining children.

 ¶ 14 If prior bad acts evidence is admitted under rule 404(b), a jury instruction limiting the jury's use of the admitted evi-

---

6. Defendant argues that under rule 404(b), the trial court erred in failing to engage in an analysis to determine whether the prior bad acts met the requirements of rule 402 and 403. *See State v. DeCorso*, 1999 UT 57, ¶ 20, 993 P.2d 837;

*State v. Shickles*, 760 P.2d 291, 295 (Utah 1988). Because we hold that the evidence was admitted under 404(a), we do not address Defendant's arguments regarding rules 402 and 403.

dence is recommended. *See* R. Collin Mangrum & Dee Benson, *Mangrum & Benson on Utah Evidence* 150 (2006) (stating that when character evidence is admitted under rule 404(b) "the court should give a . . . limiting instruction directing the jury to consider the evidence only for the limited admissible purpose"). Here, the trial court admitted the evidence under rule 404(a) and therefore no limiting instruction was necessary. Nonetheless, defense counsel's statement that he would like the jury instruction led the court to include it. For this reason, we conclude that defense counsel invited the error, and cannot now challenge the admissibility of the instruction on appeal. *See State v. Pinder*, 2005 UT 15, ¶ 62, 114 P.3d 551 ("A jury instruction may not be assigned as error, even if such instruction would otherwise constitute manifest injustice, if counsel, either by statement or act, affirmatively represented to the court that he or she had no objection to the jury instruction." (quotations omitted)); *State v. Dunn*, 850 P.2d 1201, 1220 (Utah 1993) ("[A] party cannot take advantage of an error committed at trial when that party led the trial court into committing the error.").

¶ 15 Thus we conclude that the trial court did not exceed its allotted discretion in admitting evidence of Defendant's prior bad acts.

## II. Ineffective Assistance of Counsel

¶ 16 Defendant also claims on appeal that his counsel was ineffective for failing to (1) introduce blood alcohol evidence that would have proved that M.L. may have passed out due to his own intoxication instead of Defendant's attack; (2) investigate and produce a known eye-witness to the altercation; (3) correct a misstatement of fact in the State's opening statement; (4) introduce evidence that Defendant was in a fragile condition after suffering brain damage from previous blows to his head; (5) object to the jury instruction regarding prior bad acts; and (6) move for a verdict of not guilty.

¶ 17 To prove his counsel's deficient performance, Defendant must rebut "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Strickland v. Washington*, 466 U.S. 668, 689, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) (quotations omitted). "We give counsel wide latitude to make tactical decisions and will not question such decisions unless we find no reasonable basis for them." *Taylor v. Warden*, 905 P.2d 277, 282 (Utah 1995) (quotations omitted); *see also State v. Pecht*, 2002 UT 41, ¶ 44, 48 P.3d 931 ("The failure of trial strategy . . . does not indicate ineffectiveness of counsel.").

¶ 18 First, Defendant claims that his attorney was ineffective for failing to introduce expert testimony about M.L.'s blood alcohol level to show that M.L. may have passed out due to his intoxication and not because Defendant choked him. The existence of such an expert is pure speculation. Nothing in the record indicates that M.L.'s level of intoxication could have led to his loss of consciousness. In fact, the doctor who spoke to M.L. in the hospital testified that M.L.'s "level of impairment was not that significant" and that "he was able to walk in the hospital, and answered questions appropriately." While the doctor's discussion with M.L. necessarily occurred some time after M.L. ingested the alcohol, no evidence indicated that his level of intoxication approached that required for someone to pass out. "If a defendant is aware of any nonspeculative allegation of facts, not fully appearing in the record on appeal, which, if true, could support a determination that counsel was ineffective, defendant bears the primary obligation and burden of moving for a temporary remand." *State v. Litherland*, 2000 UT 76, ¶ 16, 12 P.3d 92 (citations and quotations omitted). Defense counsel has not pointed to any nonspeculative evidence that an expert would have testified that Defendant's blood alcohol level may have caused him to pass out and he did not move for a temporary remand. Therefore, we reject this claim.

¶ 19 Second, Defendant argues that his counsel was ineffective for declining to call an eye-witness to the altercation. We are not persuaded that this was not a tactical decision on the part of defense counsel.

Contrary to Defendant's assertion that the eye-witness's unsigned statement "contradicts" M.L.'s testimony "in many respects," the eye-witness's statement clearly indicates that Defendant was the aggressor and was not acting in self-defense. Although the statement does not mention M.L.'s loss of consciousness, the statement reflects unfavorably on Defendant's theory ·of the case. Because we "give counsel wide latitude to make tactical decisions," defense counsel's failure to call this eye-witness did not demonstrate ineffectiveness. *Taylor,* 905 P.2d at 282.

■ ¶ 20 Third, Defendant claims that his counsel was ineffective for failing to correct a misstatement of fact in the State's opening statement. The State said in its opening statement that only two people, M.L. and Defendant, "are able to tell you what occurred" the night of the altercation. Defendant argues his defense counsel was ineffective in failing to point out that the eye-witness existed. As stated above, there is no evidence to support the allegation that the eye-witness's testimony would have been helpful to Defendant. Therefore, although the State's statement may have been inaccurate, it did not prejudice Defendant and therefore does not constitute ineffectiveness. *See State v. Strain,* 885 P.2d 810, 814 (Utah Ct.App.1994) (stating that "in cases in which it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, we will do so without addressing whether counsel's performance was professionally unreasonable" (quotations omitted)).

¶ 21 Fourth, Defendant claims that his attorney was ineffective for failing to introduce evidence of Defendant's "fragile condition resulting from previous blows to the head, which would make his level of self-defense reasonable." Defendant provides no record citations or other support for ·the assertion that Defendant was in a fragile condition and had suffered previous blows to the head. Because this claim was inadequately briefed, *see Bernat v. Allphin,* 2005 UT 1, ¶ 38, 106 P.3d 707, we do not address it further.

■ ¶ 22 Fifth, Defendant claims his counsel was ineffective for failing to object to the jury instruction regarding Defendant's prior

bad acts. Defendant claims this instruction misled the jury. Because the jury instruction limited the juror's use of the evidence, it did not expand the use, Defendant has failed to show that the instruction prejudiced Defendant. *See Strain,* 885 P.2d at 814. Without showing prejudice, Defendant cannot sustain his claim for ineffective assistance of counsel.

■ ¶ 23 Finally, Defendant alleges that his counsel was ineffective for failing to move for a verdict of not guilty. The State presented sufficient evidence for the jury to find Defendant guilty of second degree felony child abuse, specifically eliciting testimony from M.L. that he had lost consciousness due to Defendant's choking and that Defendant was the first aggressor and was not acting in self-defense. Therefore, Defendant has failed to show that a motion for a verdict of not guilty would not have been futile. *See State v. Whittle,* 1999 UT 96, ¶ 34, 989 P.2d 52 ("The failure of counsel to make motions or objections which would be futile if raised does not constitute ineffective assistance." (alterations and quotations omitted)). Accordingly, we reject Defendant's ineffective assistance of counsel claim based on counsel's failure to move for a verdict of not guilty.

## CONCLUSION

¶ 24 The trial court did not abuse its discretion in allowing evidence of Defendant's prior crimes and bad acts without conducting an inquiry under rule 404(b). Further, we reject Defendant's argument that his trial counsel was ineffective for failing to present certain evidence and object to the admission of other evidence. We affirm.

¶ 25 WE CONCUR: JUDITH M. BILLINGS· and CAROLYN B. McHUGH, Judges.