2009 UT 59

**STATE of Utah, Plaintiff and Respondent,**

v.

**Kenneth Anthony LEBER, Defendant and Petitioner.**

No. 20070820.

Supreme Court of Utah.

Sept. 4, 2009.

Mark L. Shurtleff, Att'y Gen., Marian Decker, Asst. Att'y Gen., Salt Lake City, for plaintiff.

Troy L. Booher, Katherine Carreau, Briant Platt, Salt Lake City, for defendant.

PARRISH, Justice:

## INTRODUCTION

¶ 1 Petitioner Kenneth Leber was convicted by a jury of second degree felony child abuse pursuant to Utah Code section 76–5–109(2)(a). Leber appealed his conviction and sought a new trial based in part on a theory that the trial court abused its discretion by admitting evidence of Leber's prior bad acts under rule 404(a) of the Utah Rules of Evidence. The court of appeals found that the trial court did not abuse its discretion and therefore upheld the jury verdict.

¶ 2 We initially granted certiorari to determine whether the court of appeals erred in declining to apply rules 402 and 403 before admitting evidence of Leber's violent character under rule 404(a). However, as a threshold issue, we find that the trial court erred in admitting evidence of Leber's prior bad acts under rule 404(a) and rule 405, and therefore remand to the court of appeals to determine whether the trial court's error would have required reversal on direct appeal.

## FACTUAL BACKGROUND

¶ 3 On January 28, 2006, Kenneth Leber and his intoxicated fifteen-year-old son, M.L., had a disagreement over the volume of M.L.'s electric guitar that ultimately resulted in a physical altercation. Police later found M.L. at a grocery store near Leber's mobile home with a bloody mouth, swollen eye, and marks on his neck. At Leber's mobile home, police discovered a mirror broken in two places and blood in the hallway and bathroom sink. Leber admitted to the altercation, but he told the police that his son had been the aggressor and that he was merely defending himself.

## PROCEDURAL HISTORY

¶ 4 Leber was charged with second degree felony child abuse. *See* Utah Code Ann. § 76–5–109(2)(a) (Supp.2006). Prior to trial, the district court granted Leber's motion to exclude evidence of his prior bad acts. However, during trial, the court ruled that Leber opened the door to his character trait for violence under rule 404(a) of the Utah Rules of Evidence by attempting to demonstrate M.L.'s violent character. Specifically, during opening statements, Leber's counsel stated,

> You're gonna hear that this is a teenage child that Mr. Leber has had trouble with, in the past. He was acting up that day. It was, in fact, the child that attacked Mr. Leber.

Later, Leber's counsel questioned M.L. about a fight between M.L. and his mother's boyfriend. Finally, Leber indicated to the trial court that he intended to "show that [M.L.] has been obstreperous towards his dad ... and that he took actions against his dad. That [M.L.] had the type of nature that he's done things against his dad in the past."

¶ 5 Finding that Leber had opened the door by offering evidence of the victim's violent character, the trial court allowed the State to proffer evidence of Leber's violent character in the form of reputation and·opinion evidence as well as through evidence of specific instances of past violence. Indeed, the trial court instructed the State that it could question Leber on cross-examination about his prior bad acts. The trial court's ruling resulted in the admission of evidence of (1) Leber's 1996 conviction for child abuse, (2) a 2003 assault committed by Leber in Alaska, (3) a 2001 incident of domestic violence against Leber's ex-wife, (4) evidence that Leber had engaged in domestic violence "too many" times to count, (5) evidence that Leber had abused his children "several" times, and (6) the opinion of Leber's ex-wife that Leber is violent with children.

¶ 6 The jury convicted Leber, and he was sentenced to one to fifteen years in the Utah State Prison. After trial, Leber acquired new counsel and appealed his conviction. Leber's appellate counsel argued that the trial court abused its discretion by admitting evidence of Leber's prior bad acts under rules 404(a) and 405 of the Utah Rules of Evidence without first complying with the requirements of rule 404(b).

¶ 7 The court of appeals affirmed the evidentiary rulings of the trial court. *State v. Leber,* 2007 UT App 273, ¶¶ 6–15, 167 P.3d 1091. Leber again obtained new counsel and filed a petition for certiorari, which we granted. We have jurisdiction in this case pursuant to Utah Code section 78A–3–102(3)(a) (2008).

## STANDARD OF REVIEW

¶ 8 On certiorari we review the court of appeals' decision for correctness with no deference to its legal conclusions. *See State v. Worwood,* 2007 UT 47, ¶ 11, 164 P.3d 397; *Thomas v. Color Country Mgmt.,* 2004 UT 12, ¶ 9, 84 P.3d 1201.

## ANALYSIS

### I. SCOPE OF CERTIORARI

¶ 9 We granted certiorari to determine "[w]hether the court of appeals erred in declining to apply rules 402 and 403 of the Utah Rules of Evidence in connection with its consideration of admissibility of evidence under rule 404(a)." In addition to this issue, Leber urges us to consider (1) whether the trial court erred in its initial determination that Leber's character was at issue under rule 404(a), and (2) whether the trial court erred by allowing the State to cross-examine Leber regarding prior bad acts under rules 404(a) and 405. The State argues that these additional issues fall outside the scope of our order granting certiorari and that we should therefore decline to address them. We disagree.

¶ 10 In determining the scope of an order granting certiorari we are guided by rule 49(a)(4) of the Utah Rules of Appellate Procedure, which states that "[o]nly the questions set forth in the petition or *fairly included therein* will be considered by the Supreme Court." Utah R.App. P. 49(a)(4) (emphasis added). Questions presented for review within the petition for certiorari "will be deemed to comprise every subsidiary

question fairly included therein." *Id.* Furthermore, "this rule should be construed broadly to avoid the rigid exclusion of reviewable issues, however peripheral." *Sevy v. Sec. Title Co.*, 902 P.2d 629, 637 (Utah 1995).

¶ 11 In this case, the certiorari question regarding whether the court of appeals erred by failing to consider the applicability of rules 402 and 403 in conjunction with evidence of Leber's violent character and prior bad acts that were admitted under rule 404(a) subsumes a threshold question. That question is whether the evidence of Leber's violent character and prior bad acts were properly admitted in the first instance under rules 404(a) and 405. Indeed, the primary reason this case is before us is because the trial court admitted evidence of Leber's prior bad acts under rules 404(a) and 405, instead of under rule 404(b), and the court of appeals erred when it failed to address these dispositive issues[1] that were properly before it.[2] Construing rule 49(a)(4) broadly, we hold that the admissibility of Leber's violent character and prior bad acts under rules 404(a) and 405 is a subsidiary question fairly included within the question on which we granted certiorari and is therefore properly before us.

## II. EVIDENCE OF LEBER'S PRIOR BAD ACTS WERE NOT ADMISSIBLE UNDER RULES 404(a) AND 405

¶ 12 The trial court abused its discretion when it ruled that Leber opened the door to evidence of his violent character under rule 404(a) and subsequently allowed the State to offer evidence of Leber's prior bad acts to prove Leber's violent character. Ap-

1. Further, "[w]e note that the scope of our grant of certiorari ... does not preclude us from treating dispositive issues that become apparent when the advocacy process is complete." *Massey v. Griffiths*, 2007 UT 10, ¶ 9 n. 1, 152 P.3d 312.

2. The court of appeals' opinion states that the rule 404(a) and rule 405 issues were not properly before it. *See State v. Leber*, 2007 UT App 273, ¶¶ 6, 12, 167 P.3d 1091. We disagree. Whether the prior bad acts evidence was properly admitted by the trial court in the first instance under rules 404(a) and 405 is a threshold question that needed to be addressed before the court assessed

pellate courts review a trial court's decision to admit character evidence and prior bad acts under an abuse of discretion standard. *See State v. DeCorso*, 1999 UT 57, ¶ 18, 993 P.2d 837.

¶ 13 Rule 404(a) of the Utah Rules of Evidence acts as a general bar to "[e]vidence of a person's character ... for the purpose of proving action in conformity therewith on a particular occasion...." Utah R. Evid. 404(a). The exceptions to this general rule allow an accused to offer evidence of a "pertinent trait of character" either of himself or of an alleged victim. Utah R. Evid. 404(a)(1)-(2); *see also Perrin v. Anderson*, 784 F.2d 1040, 1044 (10th Cir.1986). However, when an accused offers such evidence, the prosecution may "rebut the same" or offer "evidence of the same trait of character of the accused." Utah R. Evid. 404(a)(1)-(2); *see also Perrin*, 784 F.2d at 1044. Once character evidence is deemed admissible under rule 404(a), the methods of proving character are limited by rule 405. Rule 405(a) mandates that proof of character "be made by testimony as to reputation or ... in the form of an opinion," and allows witnesses providing such testimony to be cross-examined about "relevant specific instances of conduct." Utah R. Evid. 405(a). On the other hand, rule 405(b) allows for proof of character through the use of "[s]pecific instances of conduct" only where character is an "essential element of a charge, claim, or defense." Utah R. Evid. 405(b). Having laid out this brief introduction, we now consider whether Leber opened the door to evidence of his character for violence under rule 404(a), and if so, whether it was appropriate to admit evidence of Leber's prior bad acts under rule 405.

whether rules 402 and 403 must be applied to evidence admitted under rule 404(a). Further, Leber's opening and reply briefs before the court of appeals, while not paragons of clarity, essentially argue that the trial court erred by relying on rules 404(a) and 405 to admit evidence of Leber's prior bad acts, which, Leber argues, could only be admitted under rule 404(b). For example, in his reply brief to the court of appeals, Leber specifically argued that "[t]he trial court erred because prior bad acts evidence can obviously only be admitted under rule 404(b) and *not under rule 404(a)."* (Emphasis added.)

### A. The Trial Court Abused Its Discretion in Ruling That Leber Opened the Door to His Violent Character Under Rule 404(a)

¶ 14 Leber argues that the trial court erred in ruling that he opened the door to evidence of his violent character under rule 404(a). Rule 404(a) generally bars character propensity evidence of the accused, victim, or a witness. Utah R. Evid. 404(a); *see also State v. Vargas,* 2001 UT 5, ¶¶ 30–31, 20 P.3d 271. However, when an accused offers "[e]vidence of a pertinent trait of character of the alleged victim of the crime," the prosecution may offer "evidence of the same trait of character of the accused." Utah R. Evid. 404(a)(1)-(2).

¶ 15 At trial, Leber argued that M.L. was the first aggressor and that he was merely acting in self-defense. Whether a claim of self-defense opens the door to an accused's violent character under rule 404(a) hinges on the evidence used to demonstrate that the victim was the first aggressor.[3] If the accused offers evidence to "prove that the alleged victim was a hostile, aggressive person who might have initiated the fight," or in other words that he had a propensity to be violent, then defendant opens the door to his own violent character under rule 404(a) and "the prosecutor may offer rebuttal." Edward L. Kimball & Ronald N. Boyce, *Utah Evidence Law* 4–105 (2004); *see also Perrin,* 784 F.2d at 1044. Further, actual *"evidence"* of a victim's violent character must be "offered by the accused *and admitted"* before a court may rule that the accused has opened the door to evidence of his own propensity for violence. Utah R. Evid. 404(a)(1) (emphases added).

¶ 16 In ruling that Leber had opened the door to evidence of his own violent character under rule 404(a), the trial court relied on the following references to M.L.'s propensity for violence: First, during opening statements, Leber's counsel remarked:

> You're gonna hear that this is a teenage child that Mr. Leber has had trouble with, in the past. He was acting up that day. It was, in fact, the child that attacked Mr. Leber.

Under a plain reading of rule 404(a), these statements do not constitute "evidence" and cannot open the door to Leber's violent character. *Accord Payne v. State,* 854 N.E.2d 7, 18 (Ind.Ct.App.2006) ("[A] mere remark in [defendant's] opening statement . . ., without more, is insufficient for the State to introduce character evidence to the contrary as there is not evidence yet 'to rebut.' "); *State v. Faison,* 330 N.C. 347, 411 S.E.2d 143, 147–48 (1991) (finding error in allowing evidence of victim's peacefulness during the prosecution's case in chief because defendant could not yet have "introduced evidence of the victim's violent character" as "opening statements by attorneys are not evidence"); *State v. McKissack,* No. 01C01–9804–CC–00190, 1999 WL 77846, at *7, 1999 Tenn.Crim.App. LEXIS 149, at *19 (Tenn.Crim.App. Feb. 19, 1999) ("[B]ecause opening statements by counsel are not evidence, such statements will not alone 'open the door' for the prosecution to introduce evidence of other crimes."); *State v. Richards,* 190 W.Va. 299, 438 S.E.2d 331, 335–36 (1993) (recognizing that opening statements have no evidentiary value and do not justify 404 rebuttal evidence).

¶ 17 Next, the trial court considered the following questions that Leber's counsel propounded to the victim:

---

3. Relying on Mangrum & Benson's treatise on evidence and a Tenth Circuit case, the court of appeals stated that "a self-defense claim generally does not put character at issue," under rule 404(a). *State v. Leber,* 2007 UT App 273, ¶ 12, 167 P.3d 1091 (citing R. Collin Mangrum & Dee Benson, *Mangrum & Benson on Utah Evidence* 176 (2006); *United States v. Talamante,* 981 F.2d 1153, 1156 (10th Cir.1992)). The court of appeals' reliance on Mangrum & Benson's treatise and *Talamante* were misplaced. The relied upon portion of the treatise and the analysis in *Talamante* address character at issue under rule 405(b), not the admissibility of character evidence under rule 404(a). This distinction is important. Rule 405(b) allows character to be proven through specific instances of conduct if character is an "essential element of a charge, claim, or defense." Mangrum & Benson's treatise accurately indicates that in a criminal case "[c]haracter is seldom an element of a claim or defense" and "self defense does not place the character at issue" under rule 405(b). R. Collin Mangrum & Dee Benson, *Mangrum & Benson on Utah Evidence* 190 (2009). But the same is not true under rule 404(a) as discussed in the body of this opinion.

[Mr. Leber's counsel:] [Y]ou left your mother's custody because you got into a fight with her boyfriend; is that correct?

[M.L.:] Yeah.

[Mr. Leber's counsel:] Was that a physical fight? Or was that just a disagreement?

[Prosecution]: Your Honor, may we approach?

[The Court]: Yeah. I think you already opened the door, Mr. Halls, but—

(Discussion at sidebar.)

[Mr. Leber's counsel]: Was—it was a disagreement to the extent that you were no longer comfortable living at your mother's house?

[M.L.]: Yes.

After this exchange, the State argued that Leber had opened the door to his own violent character under 404(a). Leber's counsel objected, but also noted that he intended "to show that [M.L.] has been obstreperous towards his dad and that he took actions against his dad. That [M.L.] had the type of nature that he's done things against his dad in the past." Thereafter the trial court ruled that Leber had opened the door to his violent character under rule 404(a).

¶ 18 Leber's counsel's argument to the trial court, while expressive of an intent to demonstrate M.L.'s propensity for violence, is a non-evidentiary statement that cannot open the door to Leber's violent character under rule 404(a)(1). Indeed, the narrow line of questioning regarding the acrimony between M.L. and his mother's boyfriend is the only evidence of M.L.'s character that was before the trial court at the time it made its 404(a) ruling. On its face, this evidence merely confirms that M.L. got into a fight

with his mother's boyfriend. It does not, however, reveal anything about the nature of the fight.

¶ 19 Since no evidence of M.L.'s involvement in a violent confrontation was ever offered and admitted, Leber did not inject propensity evidence into the record. The trial court therefore abused its discretion when it found that Leber had opened the door to evidence of his violent character under rule 404(a). We next turn to the rule 405 issue.

B. *The Trial Court Abused Its Discretion By Allowing the State to Cross-Examine Leber Regarding Specific Instances of Conduct to Prove His Violent Character Under Rule 405*

¶ 20 The admission of character evidence under rule 404(a) is circumscribed by rule 405, which dictates the available methods of proving character. Rule 405(a) provides that "[i]n all cases in which evidence of character or a trait of character of a person is admissible, proof may be made by testimony as to *reputation* or by testimony in the form of an *opinion.*" Utah R. Evid. 405(a) (emphases added). Reputation and opinion witnesses may only be asked about specific instances of conduct on cross-examination for the purpose of challenging the credibility of the reputation or opinion testimony.[4] *Id.* When an accused has opened the door to his own character by offering evidence of the character of an alleged victim under rule 404(a)(1)-(2), rule 405(a) does not provide an avenue for the prosecution to question the accused on cross-examination about specific instances of conduct to prove character.[5]

¶ 21 In this case, the trial court specifically instructed the State that it could cross-exam-

4. The federal advisory committee's notes to rule 405 of the Federal Rules of Evidence state;

[O]n cross-examination inquiry is allowable as to whether the *reputation* witness has heard of particular instances of conduct pertinent to the trait in question. The theory is that, since the reputation witnesses relates what he has heard, the inquiry tends to shed light on the accuracy of his hearing and reporting. Accordingly, the *opinion* witness would be asked whether he knew, as well as whether he had heard.

Fed.R.Evid. 405 advisory committee's notes (emphases added) (citation omitted).

5. We note that rule 405(a) does not always preclude an accused from being cross-examined as to specific instances of conduct. Specifically, if an accused offers evidence of his own "pertinent trait of character," under rule 404(a)(1), then the prosecution may cross-examine him and inquire about specific instances of conduct to discredit his own reputation testimony. This usually occurs when an accused feels compelled to testify about his or her pertinent trait of good character, thus allowing the prosecution to challenge the credibility of his or her testimony through specific instances of conduct on cross-examination.

ine Mr. Leber as to his prior bad acts in order to prove Mr. Leber's violent character. This resulted in the admission of (1) Leber's 1996 conviction for child abuse, (2) a 2003 assault committed by Leber in Alaska, and (3) a 2001 incident of domestic violence against Leber's ex-wife. Additionally, the trial court allowed the State to ask reputation and opinion witnesses about specific instances of conduct on direct examination resulting in the admission of (1) evidence that Mr. Leber had engaged in domestic violence "too many" times to count, and (2) evidence that Mr. Leber had abused his children "several" times.

¶ 22 The trial court's erroneous interpretation of rule 405(a) was a clear abuse of its discretion, and the court of appeals erred in holding that "the trial court did not exceed its allotted discretion in admitting evidence of [Leber's] prior bad acts." *State v. Leber*, 2007 UT App 273, ¶ 15, 167 P.3d 1091. Leber was not a reputation or opinion witness, he did not provide testimony as to his own violent character, and rule 405(a) does not provide a justification for allowing him to be cross-examined as to his prior bad acts to prove action in conformity therewith. Furthermore, reputation and opinion witnesses may not be asked about specific instances of conduct on direct examination under rule 405(a).

¶ 23 Additionally, the trial court does not appear to have placed any reliance on rule 405(b), nor would that rule be applicable in this case. Rule 405(b) provides that "[i]n cases in which character or a trait of character of a person is [an] essential element of a charge, claim, or defense, proof may also be made of specific instances of that person's conduct." However, 405(b) seldom applies in criminal cases, and "self defense does not

place ... character at issue." R. Collin Mangrum & Dee Benson, *Mangrum & Benson on Utah Evidence* 190 (2009).

¶ 24 Because evidence of Leber's prior bad acts was erroneously admitted in the first instance, we need not reach the question of whether rules 402 and 403 apply whenever evidence is admitted under rule 404(a).[6] Further, having found that rules 404(a) and 405 do not provide a basis for admitting evidence of Leber's prior bad acts, we remand to the court of appeals for a determination of whether the trial court's evidentiary error would have required a reversal of Leber's conviction on direct appeal.[7]

## CONCLUSION

¶ 25 Whether evidence of Leber's prior bad acts was admissible in the first instance under rules 404(a) and 405 is a threshold question that must be addressed before determining whether the same evidence should have been excluded by rules 402 and 403. The court of appeals erroneously failed to address this threshold issue. The trial court erred in allowing the State to offer evidence of Leber's prior bad acts under rules 404(a) and 405. We therefore remand to the court of appeals for a determination of whether the trial court's error in this regard would have required reversal of Leber's conviction on direct appeal.

¶ 26 Chief Justice DURHAM, Associate Chief Justice DURRANT, Justice WILKINS, and Justice NEHRING concur in Justice PARRISH's opinion.

6. While our resolution of this case does not turn on the applicability of rules 402 and 403 of the Utah Rules of Evidence, we nevertheless wish to clarify that both of these rules may act to bar irrelevant or unfairly prejudicial evidence otherwise admissible under rule 404(a). *See State v. Miller*, 709 P.2d 350, 353 (Utah 1985) (recognizing the applicability of rules 402 and 403 to evidence admitted under rule 404(a)). But we can find no persuasive authority for the proposition that the admission of evidence under rule 404(a) obligates a trial court to analyze such evidence under the parameters of rules 402 and 403 absent an objection by one of the parties.

7. Although the State proffered a general harmless error analysis during oral argument, the harmless error issue was not thoroughly briefed. For example, the parties did not brief the question of how the evidence presented at trial satisfies each of the elements of second degree felony child abuse of which Leber was convicted. We accordingly conclude that the question of whether the trial court's error required reversal on direct appeal merits additional briefing on remand before the court of appeals.