2015 UT App 213

# THE UTAH COURT OF APPEALS

STATE OF UTAH,
Plaintiff and Appellee,

*v.*

FRONTIS WALKER JR.,
Defendant and Appellant.

Amended Opinion[1]
No. 20131046-CA
Filed August 20, 2015

Third District Court, Salt Lake Department
The Honorable Robin W. Reese
No. 121901324

John B. Plimpton and Charity Shreve, Attorneys
for Appellant

Sean D. Reyes and Tera J. Peterson, Attorneys
for Appellee

JUDGE JOHN A. PEARCE authored this Opinion, in which JUDGES
STEPHEN L. ROTH and KATE A. TOOMEY concurred.

PEARCE, Judge:

¶1 Frontis Walker Jr. has been charged with aggravated assault and intends to claim that he acted in self-defense. Walker filed a motion in the district court seeking to admit evidence of his alleged victim's prior acts of violence, which Walker argues is admissible pursuant to the Utah Rules of Evidence and Utah

---

1. After our original opinion issued on June 18, 2015, Walker filed a stipulated petition for rehearing. That petition asked this court to modify its recitation of one of the background facts in paragraph 2. We grant the motion and now issue this amended opinion.

Code section 76-2-402(5). The district court granted Walker's motion in part and denied it in part. Walker brings this interlocutory appeal from the district court's order. We vacate the district court's order and remand this matter for further proceedings, including reevaluation of the admissibility of the proposed self-defense evidence.

BACKGROUND

¶2     The State charged Walker with aggravated assault following an altercation between Walker and his girlfriend's cousin (Cousin).[2] On February 12, 2013, Cousin visited the home that Walker shared with his girlfriend. Walker and Cousin argued over whether Cousin could drink beer in the house. At some point, Walker told Cousin that he wanted to take the dispute outside. Thereafter, Walker punched Cousin in the face, knocking him unconscious and causing him to suffer an apparent seizure.

¶3     Walker claimed that he struck Cousin in self-defense. In support of that claim, Walker filed a motion in the district court seeking to admit evidence of specific acts of violence Cousin had committed between 1996 and 2013. This evidence included four domestic-violence assault convictions resulting from acts occurring in 1996, 1997, 2003, and 2007; a conviction for a 2009 battery; four allegations of various assaults occurring in 1998, 2007, 2012, and 2013; and the testimony of two witnesses who would state that Cousin had become "intoxicated and violent" on several occasions. Walker's motion argued that the evidence consisted of Cousin's "prior violent acts or violent propensities" and was therefore admissible under Utah Code section 76-2-402(5) to show the imminence of the threat to Walker and

---

2. We recite the background facts as alleged by the State, recognizing that they are, at this point, unproven allegations.

the reasonableness of his response. Walker also argued that Cousin's history was admissible under the Utah Rules of Evidence without resort to section 76-2-402(5). In response, the State filed a motion to exclude the evidence.

¶4 After a hearing on the competing motions, the district court ruled that Cousin's 1997 felony conviction was admissible pursuant to the State's stipulation and rule 609(a)(1) of the Utah Rules of Evidence. The district court also "strictly constru[ed]" Utah Code section 76-2-402(5) to conclude that Cousin's "prior violent acts are admissible to show whether the defendant reasonably believed that force was necessary and the danger was imminent." However, recognizing that "this is a novel issue and there is no applicable case law," the district court ruled that Walker "may only admit evidence of prior violent acts that can be proven in the form of certified convictions within the last ten years." This ruling established the admissibility of three more convictions, those occurring in 2003, 2007, and 2009.

¶5 We granted Walker's petition for interlocutory review of the district court's ruling.

## ISSUE AND STANDARD OF REVIEW

¶6 Walker argues that all of Cousin's prior violent acts must be admitted at his trial pursuant to both Utah Code section 76-2-402(5) and the Utah Rules of Evidence. For the reasons discussed herein, we limit our discretionary review to the interpretation of Utah Code section 76-2-402(5). *See McCloud v. State*, 2013 UT App 219, ¶ 19 n.3, 310 P.3d 767 (limiting the scope of an interlocutory appeal to a single issue despite briefing of additional issues); *Gunn Hill Dairy Props., LLC v. Los Angeles Dep't of Water & Power*, 2012 UT App 20, ¶¶ 20–21, 269 P.3d 980 (discussing discretionary nature of interlocutory appeals). "Questions of statutory interpretation are matters of law, which

we review for correctness." *State v. Graham*, 2011 UT App 332, ¶ 14, 263 P.3d 569.

ANALYSIS

¶7 Utah Code section 76-2-402 permits a defendant to assert self-defense in certain circumstances. "A person is justified in threatening or using force against another when and to the extent that the person reasonably believes that force or a threat of force is necessary to defend the person . . . against another person's imminent use of unlawful force." Utah Code Ann. § 76-2-402(1) (LexisNexis 2012). Section 76-2-402(5) expressly identifies certain factors that may be considered in evaluating the reasonableness and imminence aspects of a self-defense claim:

> In determining imminence or reasonableness under Subsection (1), the trier of fact may consider, but is not limited to, any of the following factors: (a) the nature of the danger; (b) the immediacy of the danger; (c) the probability that the unlawful force would result in death or serious bodily injury; (d) the other's prior violent acts or violent propensities; and (e) any patterns of abuse or violence in the parties' relationship.

*Id.* § 76-2-402(5).

¶8 Walker intends to assert a claim of self-defense. Walker argues that evidence of Cousin's prior violent acts must be admitted under the plain language of Utah Code section 76-2-402(5) to show that Walker reasonably believed force was necessary to defend himself against Cousin's imminent use of unlawful force. Walker contends that section 76-2-402(5) supersedes the Utah Rules of Evidence because it substantively affects the elements of a self-defense claim. In the alternative,

Walker argues that section 76-2-402(5) implements evidentiary or procedural changes that effectively amend the Utah Rules of Evidence.

¶9     We first address Walker's contention that Utah Code section 76-2-402(5) has a substantive effect on the law of self-defense. According to Walker, section 76-2-402(5)(d) "is either a substantive law that defines 'reasonableness' and 'imminence' in the context of self-defense or it is a prima facie rule of evidence that is so intertwined with the substantive right to plead self-defense that the Court must treat it as substantive." We disagree.

¶10     Nothing in the plain language of section 76-2-402(5) suggests that the factors enumerated therein are intended to substantively alter the definitions of reasonableness or imminence. Rather, that section provides that "the trier of fact *may* consider" the enumerated factors, including an alleged victim's violent acts and propensities. Utah Code Ann. § 76-2-402(5) (emphasis added). The ultimate question before the trier of fact remains the reasonableness of a defendant's belief that force was necessary to defend against another's imminent use of unlawful force. *See id.* § 76-2-402(1). Further, since the Utah Legislature enacted section 76-2-402(5), both this court and the Utah Supreme Court have stated that a claim of self-defense "'does not place . . . character at issue.'" *State v. Campos*, 2013 UT App 213, ¶ 87, 309 P.3d 1160 (omission in original) (quoting *State v. Leber*, 2009 UT 59, ¶ 23, 216 P.3d 964). This statement appears to be incompatible with Walker's assertion that "the purpose of [section] 76-2-402(5)(d) is to bestow defendants with the right to present evidence with broad narrative value of the alleged victim's violent character." (Citation and internal quotation marks omitted.)

¶11     We conclude that section 76-2-402(5) does just what its plain language states—it identifies a nonexclusive list of factors that may appropriately bear on a factfinder's evaluation of a self-

defense claim. Section 76-2-402(5) thereby establishes that the enumerated factors may not be categorically excluded as potentially admissible evidence. Section 76-2-402(5) also serves as a guide for judges and practitioners by identifying factors that may be useful in establishing or refuting self-defense. But we cannot read the language "may consider" as enshrining an absolute right to admit evidence of an alleged victim's prior violent acts or propensities. Nor does the language otherwise substantively change the law of self-defense.

¶12    By way of comparison, the Utah Supreme Court has held that the Legislature substantively changed the law of negligence when it enacted Utah Code section 41-6-186. *See Ryan v. Gold Cross Servs., Inc.*, 903 P.2d 423, 425 (Utah 1995). Section 41-6-186 stated, "The failure to wear a seat belt does not constitute contributory or comparative negligence, and may not be introduced as evidence in any civil litigation on the issue of injuries or on the issue of mitigation of damages." Utah Code Ann. § 41-6-186 (Michie 1988). Rejecting a challenge that the statute violated constitutional restrictions on the Legislature's power to make evidentiary rules, the supreme court concluded that "the statute's operative provisions announce a substantive principle: 'The failure to wear a seat belt does not constitute contributory or comparative negligence . . . .'" *Ryan*, 903 P.2d at 425 (omission in original). Here, there is no corresponding language in Utah Code section 76-2-402(5) that effects any substantive change to the law of self-defense.

¶13    Walker also argues that the Legislature intended section 76-2-402(5) to amend the Utah Rules of Evidence. Walker contends that the language "may consider . . . any of the following factors" means that evidence of the enumerated factors must necessarily be admitted for the factfinder's consideration. *See* Utah Code Ann. § 76-2-402(5) (LexisNexis 2012). We are not convinced that the Utah Legislature intended section 76-2-402(5) to amend the Utah Rules of Evidence.

¶14    As discussed above, the plain language of section 76-2-402(5) states only that the trier of fact "may consider" a non-exhaustive list of factors. *See id.* This statutory language does not expressly purport to amend or override any provisions of the Utah Rules of Evidence; indeed, it does not even use the word "evidence," speaking instead in terms of "factors." Further, the bill enacting section 76-2-402(5) contained a statement of legislative intent, indicating, "It is intended that *otherwise competent evidence* regarding a victim's response to patterns of domestic abuse or violence be considered by the trier of fact in determining reasonableness or imminence." H.B. 13, 50th Leg., Gen. Sess. (Utah 1994) (emphasis added). Because the Utah Rules of Evidence comprise the yardstick by which evidence is deemed "competent," the reference to "otherwise competent evidence" strongly suggests that the Legislature did not intend for section 76-2-402(5) to override or amend the Utah Rules of Evidence.

¶15    We also note that, in enacting section 76-2-402(5), the Utah Legislature did not employ the procedure that has been recognized as the method by which the Legislature can constitutionally amend the Utah Rules of Evidence. "While the Legislature has the constitutional authority to amend the Rules of Procedure and Evidence adopted by the Utah Supreme Court, it may only do so by joint resolution adopted 'upon a vote of two-thirds of all members of both houses of the Legislature.'" *Allred v. Saunders*, 2014 UT 43, ¶ 3 n.2, 342 P.3d 204 (quoting Utah Const. art. VIII, § 4). Here, although the parties agree that section 76-2-402(5) was enacted by a two-thirds vote, it was not enacted by joint resolution. Nor did the enacting bill expressly purport to amend the Utah Rules of Evidence. Thus, even though section 76-2-402(5) was adopted by a two-thirds majority, "it constitutes an amendment to a *statute*, not an amendment to a *rule of procedure adopted by the Supreme Court*." *See Allred*, 2014 UT 43, ¶ 3 n.2; *see also State v. Larsen*, 850 P.2d 1264, 1266–67 (Utah 1993) ("It would appear that article VIII, section 4 requires any legislation which amends a court rule to

comply with the same legislative joint rules and practice governing amendments to statutes, that is, to refer to the rule specifically by number and indicate how it is to be amended." (citing Utah House and Senate Joint Rule 4.11)).

¶16    In light of the statute's plain language and the Legislature's statement of intent in enacting Utah Code section 76-2-402(5), as well as to avoid separation-of-powers concerns, we decline Walker's invitation to interpret that section as amending or otherwise affecting the application of the Utah Rules of Evidence. Thus, while section 76-2-402(5) identifies a non-exclusive list of factors that may be considered, evidence in support of those factors must still satisfy the Utah Rules of Evidence to be admissible.

¶17    Walker also argues that Cousin's prior violent acts are admissible under the Utah Rules of Evidence without regard to Utah Code section 76-2-402(5). We decline to evaluate that issue at this interlocutory stage of the proceedings. It is apparent from the district court's ruling that the court made its evidentiary ruling under the erroneous impression that Utah Code section 76-2-402(5) controlled over the ordinary evidentiary rules. Thus, the district court has yet to analyze the prior violent acts under the applicable evidentiary rules, and we decline to conduct that analysis in the first instance. *See Gunn Hill Dairy Props., LLC v. Los Angeles Dep't of Water & Power*, 2012 UT App 20, ¶¶ 20–21, 269 P.3d 980 (discussing discretionary nature of interlocutory appeals). Additionally, at least one of Walker's evidentiary arguments—that the prior acts evidence is admissible under the doctrine of chances, *see State v. Verde*, 2012 UT 60, ¶¶ 47–62, 296 P.3d 673—does not appear to have been presented to the district court in support of Walker's motion to admit the evidence. "As a general rule, claims not raised before the trial court may not be raised on appeal." *State v. Benson*, 2014 UT App 92, ¶ 24, 325 P.3d 855 (citation and internal quotation marks omitted). For these reasons, we decline to evaluate the evidence under the Utah

Rules of Evidence at this time. Walker may pursue those arguments before the district court on remand.

CONCLUSION

¶18    We conclude that evidence of an alleged victim's prior violent acts or propensities—and the other factors enumerated in Utah Code section 76-2-402(5)—must satisfy the Utah Rules of Evidence to be admissible. We therefore vacate the district court's evidentiary ruling and remand this matter for further proceedings consistent with this opinion.

———————